SALLY SANBORN *vs.* THOMAS B. McKEAGNEY.

Suffolk.   January 15, 1918. — January 15, 1918.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence,* Of one controlling real estate.   *Snow and Ice.   Way,* Public.

In an action for personal injuries sustained by falling on ice on the sidewalk in front of the house of the defendant that was formed from water flowing from a conductor which drained the roof of a house adjoining that of the defendant and was on or near the dividing line between the two houses, there was no evidence tending to show that the defendant controlled the conductor or that any water from his house drained into it, and it was *held* that there was no ground on which the defendant could be found to be liable for the plaintiff's injuries.

In the action above described there was no evidence of any ordinance requiring the defendant to keep the sidewalk adjoining his house free from snow and ice, but it was *said,* that, even if there had been such evidence, the defendant could not have been found to have been liable.

TORT for personal injuries sustained on December 16, 1916, alleged to have been caused by slipping upon an accumulation of ice on the sidewalk in front of and adjoining the house of the defendant numbered 40 on Albion Street in Boston.   Writ in the Municipal Court of the City of Boston dated May 9, 1917.

The evidence at the trial in the Municipal Court is described in the opinion.   The defendant asked the judge to rule that upon all the evidence the plaintiff was not entitled to recover.   The judge refused to make this ruling and made the following finding: "I find that the plaintiff sustained the injuries complained of through slipping upon ice upon the sidewalk in front of the defendant's house, which ice was formed by the accumulation of water there coming from a conductor which then and for a period of years previously drained the roof of the adjoining house and was located on or about the dividing line between the houses, and that the ice formed by its discharge was negligently allowed by the defendant to remain on his sidewalk.   No part of the defendant's roof was drained by the conductor."

The judge found for the plaintiff in the sum of $1,500 and at the request of the defendant reported the case to the Appellate

Division. The Appellate Division made an order vacating the finding and ordering that judgment be entered for the defendant. The plaintiff appealed.

*P. Daly,* for the plaintiff.

*L. C. Doyle,* for the defendant.

By the Court. The material facts as stated in the report are that the plaintiff, a traveller upon a public way in Boston, received personal injury on the sidewalk in front of premises owned by the defendant by slipping upon ice formed from water flowing from a conductor, which then and for years before drained the roof of a house adjoining the house of the defendant and which was on or near the dividing line between the two houses. There was no evidence tending to show that the defendant controlled the conductor or that any water from his premises drained into it.

No liability of the defendant can be established by inference or otherwise on this record. There is nothing to indicate responsibility resting on him for the conductor or the water flowing from it. Decisions predicating liability upon such control or ownership like *Field* v. *Gowdy,* 199 Mass. 568, *Marston* v. *Phipps,* 209 Mass. 552, *Drake* v. *Taylor,* 203 Mass. 528, *Leahan* v. *Cochran,* 178 Mass. 566, and *Hynes* v. *Brewer,* 194 Mass. 435, are inapplicable. The mere circumstance that ice was on the sidewalk in front of his premises did not show negligence on his part.

There is no evidence of any ordinance requiring him to keep the sidewalk clear of snow and ice. But if there had been such evidence that would not have rendered him liable. *Kirby* v. *Boylston Market Association,* 14 Gray, 249, 252. *Dahlin* v. *Walsh,* 192 Mass. 163, 166. See also *Menut* v. *Boston & Maine Railroad,* 207 Mass. 12; *Berdos* v. *Tremont & Suffolk Mills,* 209 Mass. 489, 493, 494.

Judgment should be entered for the defendant. St. 1913, c. 716, § 3. *Loanes* v. *Gast,* 216 Mass. 197.

*So ordered.*