CARROLL H. TIFFANY *vs.* F. VORENBERG COMPANY.

Suffolk.     January 12, 1921. — March 10, 1921.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & JENNEY, JJ.

*Negligence,* Of one controlling real estate. *Snow and Ice.* *Way,* Public. *Agency,*
Scope of authority. *Evidence,* Admissions, Competency.

One in control of a building abutting on a public highway in a city, who had not
removed from the highway broken glass and ice deposited or accumulated there
by reason of acts of the fire department of the city while fighting a fire on the
premises on a Sunday night in February, and who had not warned travellers of
the danger of using the way, is not liable for personal injuries caused at two
o'clock in the afternoon of the day after the fire to a traveller upon the highway
who slipped upon the glass or ice.

The mere fact, that, after the traveller on the highway slipped as above described,
an employee of the person in control of the premises swept the glass and ice
from the sidewalk, has no tendency to prove any wrongful act or omission of
his employer nor does it amount to an admission of liability on the employer's
part.

TORT for personal injuries suffered when the defendant fell
upon broken glass or ice in front of premises on Winter Street in
Boston held by the defendant under a lease. Writ dated July 31,
1918.

In the Superior Court, the action was tried before *Hall,* J.
Material evidence is described in the opinion. A motion of the
defendant that a verdict be ordered in its favor at the close of the
evidence was denied. The jury found for the plaintiff in the sum
of $437.50; and the defendant alleged exceptions.

*L. C. Doyle, (C. M. Pratt* with him,) for the defendant.

*T. R. Bateman,* for the plaintiff.

JENNEY, J. This is an action of tort in which the plaintiff seeks
to recover damages for personal injuries sustained by him between
fifteen minutes before two o'clock and two o'clock in the after-
noon of February 11, 1918, by reason of a fall upon the sidewalk
in front of a building on Winter Street, a highway in Boston.
The defendant had a lease of the entire building, but occupied
only the first floor and basement, having subleased the upper
floors.

On Sunday, February 10, 1918, a fire started in the basement of the building and extended to the first floor. The "all-out" signal was sounded shortly before four o'clock in the morning of the day of the accident. There was no evidence that the defendant was in any way responsible for the occurrence or management of the fire. There was evidence that glass, broken by the fire department in fighting the fire, fell upon the sidewalk from windows in the building. No barriers had been placed to prevent the use of the sidewalk adjoining the defendant's leasehold. The plaintiff, while walking along that part of the sidewalk, slipped on the glass or ice, and fell. He was helped to arise by a man whom he identified as a shipper in the employ of the defendant. Later this same man swept the ice and glass from the sidewalk.

The plaintiff gave notice of his accident in a manner conformable to the requirements of St. 1908, c. 305, as amended by St. 1913, c. 324. See G. L. c. 84, § 21.

He elected to go to the jury only on the first count of his declaration, which alleged that it was the duty of the defendant immediately after the fire to clear away the broken glass, and to see that no harm came to persons using the sidewalk, either from the continued presence of the glass, or through the artificial accumulation of water upon the leased premises and its discharge from said building in unusual quantities upon the sidewalk; and that the defendant did not "clear away said broken glass so as to render the sidewalk . . . safe and suitable for travellers and passers-by, and did not take proper steps to remove the artificial accumulation of water discharged from said building . . . at a time when the natural result was that the same should freeze and expose travellers to the danger of injury by falling and to form ice making said sidewalk uneven, slippery and unsafe for public travel, and to constitute a public nuisance in said highway." At the conclusion of the evidence, the defendant duly moved that a verdict be directed in its favor.

The defendant was not liable because of the original accumulation of ice and glass upon the sidewalk. It was not caused by any wrongful act or omission on its part. *Kirby* v. *Boylston Market Association,* 14 Gray, 249. *Sanborn* v. *McKeagney,* 229 Mass. 300.

Inasmuch as the defendant did not cause the accumulation of

ice and glass, it was under no obligation to remove it or to guard against injury by reason of its existence.  No ordinance was in evidence requiring the defendant to keep the sidewalk clear, and if there had been such, no liability could have been based upon it. *Dahlin* v. *Walsh,* 192 Mass. 163.  *Sanborn* v. *McKeagney, supra. Rochester* v. *Campbell,* 123 N. Y. 405.  *Henkes* v. *Minneapolis,* 42 Minn. 530.  Dillon, Mun. Corp. (5th ed.), § 1704.

The statutory provision as to removal of obstructions in public ways is contained in G. L. c. 84, § 7, which makes it the duty of surveyors of highways and road commissioners to remove whatever obstructs the public ways within their respective jurisdictions, or endangers, hinders or incommodes persons travelling on such ways, and further to cause snow to be removed or trodden down so as to make such ways reasonably safe and convenient. In Boston the authority so conferred is exercised through the proper department of that city.  See St. 1885, c. 266, § 6; St. 1909, c. 486, §§ 5, 9, 13.  No statute has been called to our attention, or found, imposing any obligation other than such as exists at common law upon abutters to remove obstructions.

The sweeping, after the accident, of the glass and ice from the sidewalk did not prove or tend to prove any wrongful act or omission by the defendant, or amount to an admission of liability.

The exception of the defendant to the refusal of the trial judge to direct a verdict in its favor must be sustained, and judgment ordered for the defendant under G. L. c. 231, § 122.

*So ordered.*