MARY ROBRISH *vs.* WOLF SNYDER & another.

Suffolk.   December 8, 1924. — April 16, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Snow and Ice.   Negligence,* Of one controlling real estate.   *Nuisance.*

Where, at the trial of an action for personal injuries resulting from a fall
upon an icy sidewalk upon a private way before the premises of the de-
fendant, it appears that the plaintiff's injury was due to a fall upon
slippery ice formed through the operation of the forces of nature under
the influence of the climate, to which no wrongful act or omission of the
defendant contributed, it is proper to order a verdict for the defendant.

TORT for personal injuries received when the plaintiff
slipped on ice and fell upon a sidewalk upon a private way
in front of a house of the defendants.   Writ dated February
13, 1922.

In the Superior Court, the action was tried before *J. F.
Brown,* J.   A photograph was introduced in evidence which
showed the defendant's premises as a three story wooden
frame house setting back some five feet from the sidewalk
edge with a covered porch at the front of each floor.   The
ground floor porch was reached by a flight of six steps, run-
ning from the edge of the sidewalk.   On the side of the house
nearest Woolson Street was a narrow passageway extending
from the sidewalk to the rear.   Between the sidewalk end of
this and the side of the ground floor porch steps was a small
rectangular plot filled with bushes.   The porch in front of
the second floor, which was occupied by the defendants,
overhung the topmost of the six ground floor steps, the
bushes, and a few feet of the side passageway.   In no place
did it overhang the sidewalk.   There were no gutters on any
porch nor on the front or the Woolson Street side of the roof.

A son of the plaintiff testified that he had delivered a
package for his mother at the house next to that of the de-
fendants on the afternoon of the day before the accident.
The afternoon was warm.   He passed the defendants' house.

The streets were wet. He saw drops falling from the floor of the second story piazza on to the ground at about the junction of the sidewalk and the passageway nearest Woolson Street and on to the first floor piazza steps, from which they dropped to the ground. Other evidence tended to show that on the day of the accident to the plaintiff the thermometer ranged from twenty degrees above zero to six degrees above zero, and that the day was clear. The plaintiff testified that she slipped on hubbly ice "a short distance from the stairway leading up to that building, it was on the corner — I could not say exactly but it was near the corner."

At the close of the evidence the judge ordered a verdict for the defendants. The plaintiff alleged exceptions, which, after the death of *J. F. Brown,* J., were allowed by *Morton,* J.

*G. S. Ryan,* for the plaintiff.

*W. I. Badger, Jr.,* for the defendants.

WAIT, J. The plaintiff's injury was due to a fall upon slippery ice formed through the operation of the forces of nature under the influence of the climate, to which no wrongful act or omission of the defendant contributed. Under such circumstances there is no liability in damages.

The evidence fails to show any of the facts which have been held to create liability in cases of injury from snow or ice.

The building did not project over the way on which the plaintiff was passing so as to discharge snow or ice upon it as in *Smethurst* v. *Barton Square Independent Congregational Church,* 148 Mass. 260, *Marston* v. *Phipps,* 209 Mass. 552. It did not stand so near the way and it was not so constructed that snow or water necessarily fell from it upon the way, as in *Shipley* v. *Fifty Associates,* 106 Mass. 194.

There was no accumulation and subsequent discharge of water from the defendants' building, as in *Hynes* v. *Brewer,* 194 Mass. 435, *Drake* v. *Taylor,* 203 Mass. 528, *Cerchione* v. *Hunnewell,* 215 Mass. 588. There was no defective condition such that water was collected or ice was formed to create a nuisance or a condition of especial danger, as in *Watkins* v. *Goodall,* 138 Mass. 533, *Coman* v. *Alles,* 198 Mass. 99. The case more nearly resembles *O'Donoghue* v. *Moors,* 208 Mass.

473.   See also *Tiffany* v. *F. Vorenberg Co.* 238 Mass. 183; *Sanborn* v. *McKeagney,* 229 Mass. 300.

We need not consider whether the plaintiff stood in the position of a trespasser or of a licensee.   The judge was right in directing a verdict for the defendant.

*Exceptions overruled.*