MARGARET SMITH *vs.* LOCKE COAL COMPANY.

SAME *vs.* MEDFORD AMUSEMENT COMPANY.

Middlesex.   November 9, 1928. — January 4, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Way,* Public: obstruction.   *Nuisance.   Negligence,* In use of way, Proximate cause.   *Proximate Cause.*

The delivery of coal across a sidewalk by means of a chute from a horse drawn vehicle of a coal company standing with its wheels against the outer edge of the sidewalk on a public way, where there is nothing to show that such delivery takes an unreasonable time, is a mere temporary inconvenience to travellers and hence not an unlawful occupation of the way; nor does it constitute a nuisance.

In actions by a traveller upon a public way against a coal company and a corporation to whose building the coal company was delivering coal by means of a chute running from its wagon across a sidewalk, it appeared that the plaintiff, finding his way along the sidewalk blocked by the chute, walked off the sidewalk into the street around the wagon; that the street was covered with snow about a foot in depth between the sidewalk and street car track; that when he stepped into the street he went almost up to his knees in the snow; that on his third step his right ankle twisted under him, slipping on ice under the snow, and he fell and broke his leg.   There was no evidence that either defendant was responsible for the presence of snow and ice in the street where the plaintiff fell.   There was admitted in evidence an ordinance of the city relating to vehicles or other obstacles or articles left in any street without a license first being obtained from the street commissioner.   Without determining whether the ordinance properly was admitted in evidence, it was *held,* that, even if it was competent as evidence and was violated by the defendant coal company, such violation would not be evidence of liability in either of the actions since it could not properly be found to have been the proximate cause of the plaintiff's injury.

Two ACTIONS OF TORT for personal injuries.   Writs dated March 22, 1926.

In the Superior Court, the actions were tried together before *Irwin,* J.   Material evidence is described in the opinion.   The section from the ordinance of the city of Medford, referred to in the opinion, was as follows:

"Section 15.   No person shall leave any vehicle or any

other obstacle or article on any sidewalk or in any street over night, or permit the same to remain there during the remainder of the night, after having been left or placed there by him, or place, any obstruction in any street at any time, without first obtaining a license from the Street Commissioner, and causing said obstructions to be well lighted at night.

"No owner or driver of a vehicle shall bait or feed in a street a horse or beast connected with such vehicle, except in a place designated by the chief of police; nor unless the horse or beast while being baited or fed is under the care of some suitable person, has a bridle on and bits in the mouth and is properly secured to prevent it from getting beyond such person's control.

"No person shall stand or ride upon the steps, running board or other part of a railroad or street railway car, or other vehicle, without permission of the owner or person in control thereof."

At the close of the evidence, the judge ordered verdicts for the defendants. The plaintiff alleged exceptions.

The case was submitted on briefs.

*E. M. Harkins & G. L. O'Hara,* for the plaintiff.

*J. J. Kerwin & J. H. Gilbride,* for Locke Coal Company.

*J. T. Connolly,* for Medford Amusement Company.

CROSBY, J. The plaintiff testified that while she was travelling on a sidewalk on Salem Street, in Medford, she came to the building of the defendant Medford Amusement Company; that a horse-drawn vehicle, owned by the defendant Locke Coal Company, was standing with the wheels of the vehicle against the outer edge of the sidewalk; that a coal chute extended from the side of the vehicle over the sidewalk with the end resting upon the lower sill of the basement window of the building; that she stood there for a minute or two; that a man was shovelling coal from the wagon into the chute; that she then walked off the sidewalk into the street around the wagon; that the street was covered with snow about a foot in depth between the sidewalk and the street car track rails; that when she stepped into the street "she went almost up to her knees in the snow; that on her

third step her right ankle twisted under her, slipping on ice under the snow," and she fell and broke her leg.

Subject to the exception of the amusement company, the plaintiff introduced in evidence an attested copy of § 15 of an ordinance in force in Medford, relating to vehicles or other obstacles or articles left in any street without first obtaining a license from the street commissioner. The amusement company admitted that coal was being delivered to it to fill an order previously given, and that the company furnished heat for the entire building. The coal company admitted that the wagon with the load of coal in question at the time of the accident was owned by it, and that delivery was being made by its driver. At the close of the plaintiff's case, each defendant filed a motion for a directed verdict. The motions were allowed subject to the exceptions of the plaintiff.

The amusement company had a right to make a reasonable use of the street adjoining its land so long as it did not unnecessarily obstruct or render it unsafe for public travel. *O'Linda* v. *Lothrop*, 21 Pick. 292. *Underwood* v. *Carney*, 1 Cush. 285. *Morris* v. *Whipple*, 183 Mass. 27, 28. The delivery of coal across a sidewalk by means of a chute, as in this case, with nothing to show that it has taken an unreasonable time, is only a mere temporary inconvenience to travellers and hence not an unlawful occupation of the way; nor does it constitute a nuisance. *Commonwealth* v. *Temple*, 14 Gray, 69, 75. *Lorenzo* v. *Wirth*, 170 Mass. 596.

There is no evidence to show that either defendant was responsible for the presence of snow and ice in the street where the plaintiff fell. *Kirby* v. *Boylston Market Association*, 14 Gray, 249, 252. *Sanborn* v. *McKeagney*, 229 Mass. 300. *Hart* v. *Wright*, 235 Mass. 243. *Robrish* v. *Snyder*, 252 Mass. 92. We need not decide whether the ordinance was properly admitted in evidence. If it was competent and was violated by the defendant coal company, such violation would not be evidence of liability in either of these actions. The plaintiff's injury was due to slipping and falling upon ice in the street. It is plain that a violation of the ordinance was not the direct and proximate cause of the

accident.   It had no causal connection with the injury sustained by the plaintiff.   *Kirby* v. *Boylston Market Association, supra.   Glassey* v. *Worcester Consolidated Street Railway,* 185 Mass. 315, 316.   *Dahlin* v. *Walsh,* 192 Mass. 163.   *Davis* v. *John L. Whiting & Son Co.* 201 Mass. 91, 96.   *Berdos* v. *Tremont & Suffolk Mills,* 209 Mass. 489, 499.   *Sanborn* v. *McKeagney, supra.*

As verdicts were rightly directed for the defendants, the entry in each case must be

*Exceptions overruled.*