Adlow, J.
In this action of tort, the plaintiff seeks to recover for injuries resulting from a fall over a skid extend *558 ing from the rear of the defendant’s truck to the street. The facts are not disputed.
From the report it appears that on the day of the accident, the plaintiff made a business call at the premises numbered 209 Union Street in Lynn; that as he left the premises he saw the defendant’s truck parked parallel to the curb directly in front of 209 Union Street; that his car was parked on the other side of the street and that he intended to cross the street to get into his car; that he crossed the sidewalk to a point 6 or 7 feet in the rear of the defendant’s truck; that when he reached the curbstone at a distance of 6 or 7 feet from the rear of the defendant’s truck he looked to his left to see if there was any traffic approaching but did not look to his right and did not look down; that after he stepped off the curb his right foot struck a skid which was attached to the defendant’s truck at a point where the skid was approximately 1% feet from the ground and that he was thrown to the street and injured. He did not see the skid until he had fallen over it. The plaintiff testified that if he had looked he would have seen the skid and that the only obstruction to his view of the skid was the sidewalk and the curbstone. At the point where the skid was attached to the truck it extended 3 feet from the ground. It was 1% feet in width and about 7 feet in length. It appeared also that the truck had been parked parallel to the curb; that the driver had set up the skid to assist him in unloading a barrel of cider, that he rolled the barrel into the building without removing the skid from the back of truck, and that he came out of the building in two or three minutes in time to assist the plaintiff to his feet. There was no crosswalk at the place where the skid was setting at the time of the accident.
The defendant filed seven requests for rulings of law. Requests 1 to 6 called upon the Court to rule that there was *559 evidence to warrant a finding for the defendant on the grounds either (1) that the defendant was not negligent or (2) that the plaintiff was not in the exercise of due care. These requests were granted in substance. Request 7 asks the court to rule that—
“The mere fact that the defendant attached these skids to the rear of the truck for the purpose of rolling down a barrel thereon and immediately rolled the barrel into the store where he was making delivery without first removing the skids before he had made delivery is not negligence as he had a right to assume that a person in the exercise of due care and looking out for his own safety would see the skids in time to prevent falling over them”.
In refusing this request the court stated in part:
“I refuse to give any ruling which requires me to find or not to find negligence or to find or not to find contributory negligence”. There was a finding for the plaintiff.
The ruling of the court with respect to the 7th request was wrong.
The plaintiff’s right to recover hinges on whether the defendant had committed a breach of a duty. Without a breach of a duty there can be no negligence. Whether there is such a duty is not determined by the consequences to the plaintiff, but by the nature of the defendant’s obligation.
In Heaven v. Pender, 11 Q. B. 503 at 509 the rule is stated concisely as follows:
“Whenever one person is by circumstances placed in such a position with regard to another that everyone of ordinary sense who did think would at once recognize that if he did not use ordinary care and skill in his own conduct with regard to those circumstances he he would cause danger of injury to the person or property of the other, a duty arises to exercise ordinary skill and care to avoid such dangers”.
*560 The duty arises, therefore, under circumstances where the defendant’s enterprise involves a danger to the plaintiff and the duty of the defendant becomes that of warning the plaintiff so that he may not be imperilled. Minor v. Sharon, 112 Mass. 477, 487. But if from the very nature of the undertaking the danger is apparent and notorious no duty aris.es because the very act complained of carries with it the warning. The visible situation is such as to warrant the defendant in assuming that the public is sufficiently warned. Lorenzo v. Wirth, 170 Mass. 596.
In this modern world nearly every undertaking involves a certain element of danger and yet many of these from their very nature and the circumstances under which they are performed involve no duty: The man who parks a car at a curb in broad daylight must know that a pedestrian may walk against it and injure himself, and yet no one-would seriously contend that such owner of a car owed a duty to the public to stand near his car and warn the public to keep away from it. Ample notice of the danger (if there is a danger) is provided by the presence of the automobile itself, and there could be no duty to warn consequent upon such parking of a car. An obstruction in a highway has often been regarded as sufficient notice to the public of its presence to excuse'the one responsible for it from any duty of warning the public. Chapman v. Boston, 252 Mass. 404. To extend a coal chute across a sidewalk was not deemed negligent in Smith v. Locke Coal Co., 265 Mass. 526, and a defendant who left open a coal hole in a sidewalk while a pile of coal was being shovelled into it by two men was held not negligent with respect to a woman who, while walking along the sidewalk, stepped through the coal and into the hole. Lorenzo v. Wirth, 170. Mass. 586. The obviousness of the hazard excuses further conduct of the defendant with respect to warning the public.
*561 To test the ruling under review by these principles. The defendant in effect asked the court to rule that as a matter of law the defendant was not negligent in leaving his truck parked parallel to the curb with a skid extending from its rear. Such use of a skid in loading or unloading trucks is neither illegal nor improper. Smith v. Locke Coal Co., 265 Mass. 526, O’Linda v. Lothrop, 21 Pick. 292, Underwood v. Carney, 1 Cush. 285, Morris v. Whipple, 183 Mass. 27, 28.
The situation is one where a stationary vehicle from which a skid extends into the street creates a condition resulting in injury to the plaintiff. What duty did the defendant owe this plaintiff? The visible situation was such as to warrant the defendant in assuming that the public was sufficiently warned. Certainly the skid which extended from the ground to a belt on the rear of the truck and 3 feet from the ground was as obvious and noticeable as the wooden horse commonly used as a barrier to protect the public from excavations in highways and defects in sidewalks. The obstacle over which the plaintiff fell was in substance just such a barrier. Its own nature excused further conduct by the defendant with respect to warning the public. Without a duty there could be no breach and without any breach of duty there could be no negligence. It was error to rule that there was evidence to support a finding that there was negligence. See also Gargan v. West End St. Ry. Company, 176 Mass. 106.
Aside and apart from the question of defendant’s negligence, it was error to rule as the court did that the evidence did not compel a finding that the plaintiff was wanting in due care. The question of plaintiff’s due care is not always a question of fact. If the facts are not disputed a finding of want of due care may be required as a matter of law. Duggan v. Bay State St. Ry. Co., 230 Mass. 370 at 379. The *562 plaintiff, before stepping from tbe sidewalk, looked to his left to see if cars were coming. He did not look in front of him. or to his right.' He.was no.t at a cross-walk. • He had to take care and see what the actual state of the- road was over which he proposed, to .pass. He had no right to assume that the way from the sidewalk to the street and across the street was clear and unobstructed, but had to exercise a caution and prudence adapted to the nature of the case. See Raymond v. City of Lowell, 6 Cushing 524 at 531, in which case the plaintiff tripped over a drain which extended two inches above the curb and the court held, “There was nothing whatever to prevent his seeing every object just as it was situated at this place. Of course he saw, or was guilty of gross negligence if he did not see, that this spot was appropriated to the purpose and use of a drain to carry off water. He saw or. was guilty of negligence if he did not see that the grate extended along the sidewalk, perhaps two or three feet”. In this case we have a plaintiff who did not look where he was going, who states that if he had looked he would have seen the skid over which he fell. Such conduct negatives the possibility of such common and ordinary caution as a plaintiff must show to be entitled to recover. Butterfield v. Forrester, 11 East 60, Fransberg v. Heywood Bros. & Wakefield Co., 190 Mass. 125.
To have ruled as the court did that the evidence did not require a finding that the plaintiff was wanting in due care was error. The order of the court must be:
Finding for plaintiff vacated.
Judgment for defendant.
Mr. Justice Grillen dissents.