Frances O'Keefe *vs.* William J. Barry Co.

Suffolk.     April 8, 1942. — May 26, 1942.

Present: Field, C.J., Donahue, Dolan, Cox, & Ronan, JJ.

*Negligence*, Use of way. *Practice, Civil*, Exceptions: whether error harmful; Verdict. *Error*, Whether harmful.

A verdict for the defendant should have been ordered upon a count based upon the plaintiff's being thrown down by stepping upon a loose stone alleged to have been negligently permitted by the defendant to fall and to remain on a public sidewalk at a place where it was crossed by a driveway from the defendant's adjacent quarry, where it appeared that both the defendant and others used the driveway to truck stone and there was no evidence that the stone upon which the plaintiff stepped came from a truck of or controlled by the defendant.

Exceptions by the defendant to the denial of his motions that a verdict be ordered in his favor as to each of two counts of the declaration, the first based on negligence and the second on nuisance, were sustained where a verdict for the plaintiff was general and the motion as to the first count should have been allowed, although the defendant conceded that there was no error in denying the motion as to the second count.

TORT. Writ in the Municipal Court of the City of Boston dated January 17, 1939.

Upon removal to the Superior Court, the case was tried before *Beaudreau*, J.

*J. M. Graham*, for the defendant.

*I. Rogosin*, for the plaintiff.

RONAN, J. The plaintiff alleged, in the first count of her declaration, that she was injured by being thrown down by stepping upon stones that were negligently permitted to fall from the defendant's trucks and to remain upon a highway along which the plaintiff was travelling, and, in the second count, that the strewing of the highway with the stones constituted a public nuisance. The jury returned a general verdict for the plaintiff. The defendant excepted to the denial of a motion for a directed verdict upon each count, to the denial of requests for rulings, and to certain portions of the charge.

The defendant manufactured and sold crushed stone which it obtained from its quarry located upon premises situated in the Roslindale district of Boston and abutting upon Cummins Highway, across the sidewalk of which there were two driveways leading to the quarry. The plaintiff, on the morning of November 19, 1938, was crossing one of these driveways when she stepped on a stone and fell. There were twenty to twenty-five stones about two inches in size in the driveway. She had noticed similar stones on this driveway on the previous evening. She had seen trucks coming out of the quarry loaded with crushed stone which was piled up in the center two or three feet above the sides of the trucks. Her brother testified that he had seen trucks marked "William J. Barry" using this driveway, and on one or two occasions prior to the accident he had seen them loaded with stone piled up in the center and had seen stones falling from them as they made the turn out of the driveway. He did not testify as to when these incidents occurred. The defendant operated three trucks which were steadily engaged in transporting crushed rock and rock dust from the quarry. Besides, rock was transported by the street railway company upon cars, which ran upon a track

that was located in this driveway. Rock was carried from the defendant's premises by the city of Boston and by various contractors. The city of Boston had brought a thousand tree stumps into the quarry between the time of the hurricane, in September, 1938, and the time of the accident. There were loose soil and stones in these stumps which fell upon the highway. The defendant employed a watchman, one of whose duties was to clear the driveways of stone.

The judge charged the jury in reference to the first count, and then dealt with the second count in the latter part of his charge. We need not discuss the charge or the requests for rulings in so far as the first count is concerned because, in respect to that count, there was error in the denial of the motion for a directed verdict. There was no evidence that the stone upon which the plaintiff stepped, or in fact any of the stones that were in the driveway, fell from the defendant's trucks or that they came from cars or trucks over which the defendant had any power of control or supervision. There was no evidence that the defendant loaded the cars of the street railway company or the trucks owned by the contractors. *McCarthy* v. *Waldorf System, Inc.* 251 Mass. 437. *Fox* v. *Pallotta,* 274 Mass. 110. Upon this evidence it was no more likely that these stones came from the defendant's trucks than that they came from the other vehicles that were engaged in the transportation of the crushed rock; nor did the evidence show that the falling of rock from these other vehicles was due to any negligence of the defendant. Under this count of the declaration the plaintiff was bound to show that her injury resulted from a breach of a duty that the defendant owed her rather than from a cause for which it could not be held responsible. *Brown* v. *Bangs,* 306 Mass. 551. *Connolly* v. *Boston Elevated Railway,* 309 Mass. 177. *Howe* v. *Boston, ante,* 278.

The driveway was a part of the public highway over which the defendant had no control, and if stone from its quarry was deposited upon the way through no negligence of the defendant then the defendant was under no obligation to remove it. *Sanborn* v. *McKeagney,* 229 Mass. 300.

*Tiffany* v. *F. Vorenberg Co.* 238 Mass. 183. *Sweatland* v. *Springfield Public Market, Inc.* 247 Mass. 268. *Catino* v. *Sorrentini*, 288 Mass. 89. *Bamberg* v. *Bryan's Wet Wash Laundry Inc.* 301 Mass. 122. *Nelson* v. *Economy Grocery Stores Corp.* 305 Mass. 383. *Farolato* v. *Springfield Five Cents Savings Bank*, 310 Mass. 806. And unless the rock was shown to have been placed upon the driveway by the negligence of the defendant, as the plaintiff alleged, the fact, if it were a fact, that the defendant's watchman was supposed to remove the crushed rock from the driveway was not an admission of negligence of the defendant. *Tiffany* v. *F. Vorenberg Co.* 238 Mass. 183. *Nelson* v. *Economy Grocery Stores Corp.* 305 Mass. 383. *Farolato* v. *Springfield Five Cents Savings Bank*, 310 Mass. 806.

The case is distinguishable from *Agnew* v. *Franks*, 255 Mass. 539, upon which the plaintiff relies. In that case, the wire which caused the plaintiff's injury could have been found to have fallen upon the sidewalk from a pile of junk which projected above the fence and over the sidewalk, or the wire could have been found to have been dropped upon the sidewalk from a vehicle while junk was being unloaded through a place in the fence that had been cut down for the purpose of receiving junk, and the defendants knew, permitted and invited such use of the sidewalk. There the defendants "cluttered the sidewalk in carrying on their business," while here the crushed rock was not shown to have fallen on the driveway on account of the negligence of the defendant. In either event, the defendants, in the case cited, were shown to have participated in the act that resulted in the wire being deposited upon the sidewalk. The case at bar resembles *Cochrane* v. *Great Atlantic & Pacific Tea Co.* 281 Mass. 386, where there was no evidence that the vehicle which caused the defect in the sidewalk was owned or operated by the defendant.

The defendant concedes that there was no error in the denial of the motion for a directed verdict upon the second count. It has not been argued that the trial judge committed any error in respect to this count. The first count

should not have ·gone to the jury, and, a single verdict having been returned, we are unable to determine whether it was based upon both counts or upon one particular count. The principle that a general verdict might be upheld by referring it to a count upon which it might have been properly rendered has no application where, as here, the verdict might have been erroneously rendered upon a count that ought not to have been submitted to the jury. *Farr* v. *Whitney,* 260 Mass. 193, 197. *Kelly* v. *Citizens Finance Co. of Lowell, Inc.* 306 Mass. 531, 534.

*Exceptions sustained.*