LESTER BREY *et al. vs.* JOSEPH ROSENFELD *d.b.a.* ROSENFELD WASHED SAND & STONE COMPANY.

JULY 2, 1946.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

See, also, 71 R. I. 1; 72 R. I. 316.

CONDON, J. This is an action of trespass on the case for negligence which, it is alleged by the plaintiffs, was the cause

of the death of their minor child, Lester Brey, Jr., aged eight, hereinafter referred to as the deceased. No administrator having been appointed, his parents, as his sole beneficiaries, brought this action in accordance with general laws 1938, chapter 477, §1.

The case was tried in the superior court to a jury and at the conclusion of the evidence defendant moved for a directed verdict, but his motion was denied and the jury thereafter returned a verdict for the plaintiffs. Defendant then filed a motion for a new trial, which was also denied. The case is here on defendant's exceptions to those rulings and on numerous exceptions to other rulings during the trial.

The deceased died as a result of colliding, while walking on Transit street, a public highway in the city of Woonsocket, with a moving automobile which, however, did not belong to the defendant and was not then being operated for his benefit. Nevertheless plaintiffs brought suit against the defendant on the theory that a truck owned by him, which, they alleged, was unlawfully parked on Transit street in violation of an ordinance of the city of Woonsocket, was the proximate cause of their son's death.

Transit street runs approximately north and south. At the time of the accident defendant's truck was parked almost at a right angle to the westerly curb of that street with its rear wheels on the sidewalk and a pipe or chute extending from the rear of the truck to a form for a cement wall then being built along the front of the premises numbered 193 on that street. The operator of the truck was then engaged in delivering "redi-mixed" cement through the chute to the form. The sidewalk at that point was thus blocked to travel, making it necessary for pedestrians using the westerly sidewalk to go into the street and pass around the front of the truck. The truck occupied all but about 15 feet of Transit street, which was 26 feet wide between curbs. There was room for vehicular traffic moving on the street to pass at that point but probably two vehicles moving in opposite directions could not pass each other at the time of the acci-

dent because there was, at that time, a coal truck parked parallel to the easterly curb about 15 feet south of defendant's truck.

The evidence does not definitely fix the time when the coal truck was parked, but it was not there when plaintiff, Mrs. Lottie G. Brey, came home from work shortly after 4 p. m. None of the witnesses saw it there before that time. When the accident happened at about 4:15 p. m. there is no question that it was there, as the driver of the automobile which knocked down the deceased testified that he drove between it and defendant's truck. And immediately after the accident Mrs. Brey also saw it parked there.

Just before the accident the deceased with another younger boy had been standing on the westerly sidewalk a short distance south of defendant's truck, watching the cement being delivered through the chute. The younger boy's grandmother came down the street and took him by the hand to take him home. As she started to walk south up the street to her home she looked back and saw the deceased take a few steps into the street facing slightly toward her and then saw him struck by an automobile and knocked down.

Joseph Kozlik, the operator of the automobile, testified that he was traveling south on the right side of Transit street at a speed of not over seven miles an hour and when he was about 30 feet north of defendant's truck he gradually turned to the left to pass around it and then turned gradually to the right after he had passed. When he was about 15 feet south of the truck—he was not certain about the distance—he felt a thud on the right front of his automobile. He stopped almost instantly and then saw the deceased lying on the street. From other evidence it would appear that the deceased was probably ten feet from the westerly curb at that time.

Stanley Bandurski, the owner of the automobile, was following Kozlik in a beach wagon. Bandurski testified that when he passed defendant's truck he was between 25 and

30 feet behind Kozlik and that when Kozlik suddenly stopped, the beach wagon's hood had just passed the front of the truck. He further testified that Kozlik was about 15 feet south of the truck when the accident happened and that the deceased was about six feet from the westerly curb. Both Bandurski and Kozlik testified for the plaintiffs. No suit against either had been brought at the time of the trial. Neither the deceased nor Kozlik's automobile ever came into contact with defendant's truck.

Over defendant's objection a copy of the traffic ordinance of the city of Woonsocket which, in substance, prohibited parking in certain streets and in a certain manner without first obtaining a permit so to do, was admitted in evidence. Defendant had not obtained such a permit. Whether the manner in which defendant parked his truck was a violation of the ordinance for which he could be subjected to the penalty provided for such violation we are not concerned with here.

The question in the instant case is what effect, if any, did defendant's conduct in so parking his truck have on his civil liability. By force of the ordinance itself it had none, and could have none, because municipalities have no power to attach civil liability to the violation of their ordinances, unless they are expressly empowered so to do by the legislature. *Heeney* v. *Sprague,* 11 R. I. 456. But the plaintiffs contend that the violation of an ordinance is admissible as evidence of negligence. This is true, but such a violation is not of itself proof of negligence. This court has said that it may be considered in connection with all other facts bearing upon the question of a defendant's negligence, but that it did not, as a matter of law, constitute negligence. *Sears* v. *Bernardo & Sons,* 44 R. I. 106.

The weakness of the plaintiffs' case as we view it is that, admitting that defendant violated the ordinance in not obtaining a permit, there is no evidence that he was unlawfully using the highway to unload the cement into the form. Temporary, reasonable and necessary obstructions of a pub-

lic highway, and there need be no *absolute* necessity, are not invasions of the public easement of travel; a reasonable necessity is sufficient. 3 Dill. Mun. Corp. (5th ed.) §1168. Because building is necessary, it has been said that stones, brick, lime, sand and other materials may be placed in the street, provided it is done in the most convenient manner. *Commonwealth* v. *Passmore,* 1 Serg. & Raw. 217. Whether or not obstructing a street is an act of negligence depends upon whether such use was reasonably necessary, having due regard for the public convenience and necessity. *Fisher* v. *Los Angeles Pacific Co.,* 21 Cal. App. 677.

Plaintiffs have cited numerous cases from other jurisdictions which they contend support their position. We shall refer only to one of them, namely, *Milbury* v. *Turner Centre System,* 274 Mass. 358, as it is typical of the others. In that case the defendant's servant parked its truck in violation of an ordinance which provided that "No owner or operator of any vehicle or street car shall stop or stand the same within the intersection of any street, nor within ten feet of a street corner." There the deceased's view of traffic was obscured when he attempted to cross the street at the corner where defendant's truck was parked and he was struck and killed by another automobile. The court held that the ordinance related directly to the safety of persons using and passing street corners; that a jury could find the defendant negligent in violating it and that such negligence was the proximate cause of deceased's death.

Patently the instant case is not of that kind. On the contrary, we think that it falls more properly into the category of *Smith* v. *Locke Coal Co.,* 265 Mass. 524. In that case the plaintiff sued the owner of the abutting premises, who was receiving coal, and also the coal company, which was delivering it. The sidewalk was blocked by a coal chute extending from the rear of a coal truck, backed up to the curb, to the celler of the abutting premises. Plaintiff, to avoid the obstruction, was thus forced to walk in the street where she was injured. An ordinance which forbade persons placing

any obstruction in a street at any time before first obtaining a permit from the street commissioner was admitted in evidence. The court held, sustaining directed verdicts by the trial court in favor of both defendants, that an abutting owner had a right to make a reasonable use of the street and it said: "The delivery of coal across a sidewalk by means of a chute, as in this case, with nothing to show that it has taken an unreasonable time, is only a mere temporary inconvenience to travellers and hence not an unlawful occupation of the way". And it went on further to say: "We need not decide whether the ordinance was properly admitted in evidence. If it was competent and was violated by the defendant coal company, such violation would not be evidence of liability in either of these actions." See also *Gaw* v. *Hew Construction Co.,* 300 Mass. 250. Those two cases were later more fully explained and their limits defined in *Jones* v. *Hayden,* 310 Mass. 90, 96, where the court said: "In the absence of evidence sufficient as matter of law to establish negligence on the part of the defendants, no question of proximate cause was really there involved."

Here the plaintiffs' case depends upon proof of two elements: first, defendant's negligence; and, second, that such negligence was the proximate cause of their son's death. If there is no evidence of negligence, we are not concerned with proximate cause. Plaintiffs rely solely on the violation of the ordinance for their proof of negligence. But, as we have seen, that is not enough where such violation is, as in this state, to be considered in connection with other facts merely as evidence of negligence, and not, as in some states, negligence *per se*. Viewing all the evidence in the record most favorably to the plaintiffs and drawing every favorable inference therefrom, we find nothing tending to prove that the defendant was negligent in the manner in which he obstructed the sidewalk and part of the street. It is well settled law here and elsewhere that, in such circumstances, he had a lawful right to do what he did without civil liability attaching to him merely for his failure to observe the ordi-

nance and first obtain a permit. *Smith* v. *Locke Coal Co., supra,* 61 A. L. R. 1052, 1054 n.

Ordinarily, whether defendant was temporarily making a reasonable and necessary use of the sidewalk is a question of fact and is to be determined in the light of the circumstances of each case. But in the facts and circumstances in the case at bar we are of the opinion that there is no evidence upon which the jury could reasonably have found that the defendant was guilty of making an unreasonable and unnecessary use of the sidewalk. Hence the trial justice erred in denying defendant's motion for a directed verdict in his favor.

The defendant's exception to the denial of such motion is sustained, and on July 8, 1946, the plaintiffs may appear in this court and show cause, if any they have, why an order should not be entered remitting the case to the superior court with direction to enter judgment for the defendant.

*Edward F. Dwyer,* for plaintiffs.

*Francis V. Reynolds, John P. Cooney, Jr.,* for defendant.