HRISTINA YELKOVANOGLU, Plaintiff-Appellant, *v.* GEORGE G. GORDON *et al.*, Defendants-Appellees.

(No. 59488; )

First District (1st Division)—April 15, 1974.

Sandman and Levy, of Chicago (Eugene Lieberman and Bernard Moltz, of counsel), for appellant.

Epton & Druth, of Chicago (Bernard E. Epton and Donald Segal, of counsel), for appellees.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

George G. Gordon, Roselyn Silverman, Seymour Keer and Rose Keer (defendants) filed a motion to dismiss Hristina Yelkovanoglu's (plaintiff) first amended complaint for personal injury. The suit was dismissed with prejudice and plaintiff appeals.

Plaintiff's amended complaint alleged that on February 7, 1971, and prior thereto, defendants owned an apartment building which had a public sidewalk in front of it. On February 7, 1971, at about 11:15 A.M., plaintiff, in the exercise of ordinary care, was a pedestrian on that sidewalk. Defendants owed a duty to the public to maintain their premises in a safe condition so that a nuisance and other unsafe developments from their premises did not spread onto the sidewalk to deprive the

plaintiff and the public of a safe place to walk. Defendants committed one or more of these negligent acts or omissions: maintained a public nuisance upon said property in violation of Ill. Rev. Stat. 1971, ch. 100½, par. 26(5); maintained their property so that a dangerous condition was caused to spill out onto the public sidewalk and create a nuisance thereon; permitted said sidewalk to become accumulated with large amounts of debris from a fire on their premises which spilled over onto said sidewalk; operated and managed their property to deprive plaintiff of a safe sidewalk; failed to warn plaintiff of the dangerous and unsafe condition of said sidewalk and otherwise caused the sidewalk to become dangerous. Defendants knew or should have known of this defective condition. As a direct and proximate result of the foregoing, plaintiff fell and sustained bodily injury and damages.

The defendants' motion to dismiss stated that "* * * the plaintiff was injured as a result of a fall on a public sidewalk adjoining plaintiff's property which contained debris as a result of a fire to which the Chicago Fire Department was called and threw debris on the sidewalk" and that there "is no legal duty on the owners of the adjoining property to, in any way, clean said debris."

The plaintiff contends that a complaint should not be dismissed without leave to amend unless it appears that plaintiff can prove no set of facts in support of his claim and that land owners who carelessly maintain their property to permit fire, with resultant debris blocking public ways, are liable for damages to persons injured thereby. The defendants argue that failure of the plaintiff to allege a duty on the part of defendants justifies the dismissal of a complaint on a motion to dismiss and that a building owner is not liable for injury resulting from debris on a public sidewalk placed there by municipal firemen.

The only issue before us, then, is whether or not the amended complaint stated a cause of action by sufficient factual allegations of the existence of a legal duty on the part of defendants which they violated. An analysis of the pleadings and the law will clearly reveal that it did not.

■■■ Although the Illinois Civil Practice Act requires that "pleadings shall be liberally construed" (Ill. Rev. Stat. 1973, ch. 110, par. 33(3)), this "will not sustain a complaint which wholly fails to state a cause of action." (*Sparling v. Peabody Coal Co.*, 16 Ill.App.3d 301, 305, 306 N.E.2d 79.) To state a cause of action for negligence there must be proper allegations of a breach by defendant of a duty owed to the plaintiff. (*Boyd v. Racine Currency Exchange, Inc.*, 56 Ill.2d 95, 97, 306 N.E.2d 39.) The existence of a duty "is a question of law to be determined

by the court." (*Barnes v. Washington,* 56 Ill.2d 22, 26, 305 N.E.2d 535.) Thus, if no duty was alleged, the complaint was properly dismissed.

In her brief, plaintiff argues that a duty is owing on the part of a landowner to maintain his building so that a nuisance is not created. She asserts, without citing any authority, that "when a fire breaks out, a presumption in law arises of probable negligence in starting of the fire in defendant's premises, since fires do not start by nature alone and 'act of God' is not a feasible defense." Even were this true, plaintiff has not clearly alleged in her complaint that it was negligent maintenance of the building, leading to the fire, which caused her injury. In her amended complaint, with reference to duty owed by defendants, plaintiff alleges only that defendants "owed the duty * * * to maintain their premises in a safe condition so that a nuisance and other unsafe developments from the Defendants' premises did not spread onto the public sidewalk * * *."

In her reply brief plaintiff contends that these allegations, together with the alternative allegations of negligent acts or omissions above described, were sufficient to show a duty and negligent breach thereof by the defendants. She then relies on *Menth v. Breeze Corp.,* 4 N.J. 428, 73 A.2d 183, annotated in 18 A.L.R.2d 1071 to show that these allegations were sufficient to state a cause of action.

In *Menth,* plaintiffs sued for property damage caused by the communication of fire to their property from a shed owned by defendant. Negligence in that case, however, was clearly alleged. As the court stated: "The gravamen of the complaint is that the defendant improperly, carelessly and negligently stored combustible and highly flammable materials on the leased premises without taking proper precautions to prevent their ignition and that such negligence proximately caused the loss of plaintiff's personal property." (4 N.J. 428, 434, 73 A.2d 183, 186.) The court also specifically stated: "The cause of a fire is generally unknown, fires commonly occur where due care has been exercised as well as where due care was wanting. Where a fire originates on a defendants' premises, that alone is not evidence that it was started by the defendant, nor that the fire was caused by any negligence on its part." 4 N.J. 428, 436, 73 A.2d 183, 186.

In the case before us, plaintiff has failed to allege even that defendant was negligent in allowing the fire to start. There is a complete absence of factual allegations, such as the careless storage of combustibles as in the case relied upon, upon which a charge of negligence or breach of a legal duty could be based. Plaintiff has alleged merely that the defendants owned the apartment building. She does not even

allege in her amended complaint when the fire occurred with reference to the date of her injuries. It is not legally sufficient for the amended complaint to allege in so many words that the defendants owed a certain duty to the plaintiff. This is merely a conclusion of the pleader and "plaintiff must allege proper facts to demonstrate the basis upon which his claim was founded." (*Warren v. Meeker*, 55 Ill.2d 108, 114, 302 N.E.2d 54.) Compare *Van Dekerkhov v. City of Herrin*, 51 Ill.2d 374, 282 N.E.2d 723.

We are not aware of any decision which is directly in point here. However, cases in other jurisdictions, upon similar facts, have found no breach of duty. *Tiffany v. F. Vorenberg Co.*, 238 Mass. 183, 130 N.E. 193, 14 A.L.R. 222; *Klassette v. Liggett Drug Co.*, 227 N.C. 353, 42 S.E. 2d 411.

In *Tiffany*, the dismissal of plaintiff's complaint was affirmed. There, a fire had occurred in the basement of defendant's building and glass, broken by the fire department as well as ice, formed by the accumulation of water used to extinguish the fire, were allowed to remain on the public sidewalk. The court stated:

> "Inasmuch as the defendant did not cause the accumulation of ice and glass, it was under no obligation to remove it or to guard against injury by reason of its existence." 238 Mass. 184-185, 130 N.E. 193.

■■ We are, therefore, impelled to conclude that the trial court properly sustained the motion of defendants to dismiss the amended complaint. As regards the statement in plaintiff's brief regarding her right to amend again, no proposed amendment appears in the record and apparently none was presented to the trial court. Therefore, we must conclude that the amended complaint could not be further amended so as to state a cause of action. *Ashe v. Hatfield*, 13 Ill.App.3d 214, 218, 300 N.E.2d 545 and additional cases therein cited.

The order of dismissal appealed from is therefore affirmed.

Judgment affirmed.

EGAN, P. J., and BURKE, J., concur.