DAVID REED, Plaintiff-Appellee, *v.* CLARENCE HOFFMAN *et al.,* Defendants-Appellants.

Fifth District   No. 76-352

Opinion filed May 6, 1977.

Clark and Sharp Law Offices, of Mt. Vernon (Bruce Steward, of counsel), for appellants.

William B. Wham, of Wham & Wham, of Centralia, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

Appellant Charles Herrington was a co-defendant in a civil suit that was conducted in the circuit court of Marion County. He appeals from a judgment of that court entered upon a jury verdict in plaintiff's favor. The judgment found him jointly and severally liable with a co-defendant in the amount of $10,000 and costs of suit.

The suit was commenced to recover plaintiff's damages for bodily injuries allegedly caused by an unprovoked assault and battery upon him by defendant Hoffman. Appellant's liability for the injuries was premised on alternate theories of agency or conspiracy. The complaint alleged that defendant Hoffman at the time of the attack was acting as the agent of appellant Herrington or that the attack was made by defendant Hoffman in furtherance of a conspiracy for such purpose on the part of both defendants.

Appellant contends in this appeal that the complaint fails to state a cause of action against him. He argues in support of such contention that the complaint is fatally deficient because it does not allege that defendant Hoffman was acting within the scope of the agency relationship when he attacked plaintiff and because it alleges a conspiracy in a conclusionary

fashion without alleging the ultimate fact that the defendant-appellant "conspired" or "combined," in some manner, with his co-conspirator for the purpose of committing an assault and battery.

The record on appeal reveals that defendant-appellant challenged the complaint three times for failing to state a cause of action against him. The first attack was by a pretrial motion to dismiss or to make the complaint more definite. The second challenge, made at the close of plaintiff's evidence, was a motion for directed verdict; the third challenge, a renewed motion for directed verdict, was made at the close of all evidence. Both motions for directed verdict were barren of any allegations of the specific defects of the complaint. All three motions were denied. Since defendant-appellant's post-trial motion was not included in the record on appeal, it is not possible to ascertain if the insufficiency of the complaint was asserted there also.

■■ We note first that this appeal could be summarily dismissed because appellant has not complied with Supreme Court Rule 342 (Ill. Rev. Stat. 1975, ch. 110A, par. 342). That rule requires the appellant to furnish the reviewing court with excerpts from record or an abstract of record. The furnishing of one or the other is the duty of the appellant, and the excerpts or abstract must contain everything necessary to enable the appellate court to decide the issues presented for review. (*Shaw v. Kronst,* 9 Ill. App. 3d 807, 293 N.E.2d 153; *Heritage Shelter Care Home, Inc. v. Miller,* 31 Ill. App. 3d 700, 334 N.E.2d 355.) Appellant Herrington has not filed either excerpts from record or an abstract. Nor has he sought waiver of this requirement from the court as he could have under section (i) of the rule (Ill. Rev. Stat. 1975, ch. 110A, par. 342(i)). A dismissal of the appeal could therefore be proper on this ground alone. (*Lill Coal Co. v. Bellario,* 30 Ill. App. 3d 384, 332 N.E.2d 485; *Dunlap v. Marshall Field & Co.,* 27 Ill. App. 3d 628, 327 N.E.2d 16.) Even so, considering this appeal on the merits, we are not inclined to reverse the judgment.

■■ Appellant is correct in noting that section 31 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 31), which abolished the common law rigors of pleading, when read in conjunction with the liberal construction mandates of Civil Practice Act, sections 33(3) and 42(2) (Ill. Rev. Stat. 1975, ch. 110, pars. 33(3) and 42(2)), does not relieve the plaintiff of his duty to allege sufficient facts to state a cause of action. (*Gagne v. Village of LaGrange,* 36 Ill. App. 3d 864, 345 N.E.2d 108; *Pollack v. Marathon Oil Co.,* 34 Ill. App. 3d 861, 341 N.E.2d 101.) However, the commands of section 33(3) that "Pleadings shall be liberally construed with a view to doing substantial justice between the parties," and of section 42(2) that "No pleading is bad in substance which contains such information as reasonably informs the opposite party of the nature of the claim or defense which he is called upon to meet," have been

interpreted to indicate that the essential test of a complaint is that it inform defendant of a valid claim under a general class of cases as distinguished from a complaint which states no cause of action. (*Matchett v. Rose,* 36 Ill. App. 3d 638, 344 N.E.2d 770; *Sparling v. Peabody Coal Co.,* 16 Ill. App. 3d 301, 306 N.E.2d 79, *rev'd on other grounds,* 59 Ill. 2d 491, 322 N.E.2d 5.) As implied above, the rules of liberal construction do not save a complaint which wholly fails to state a cause of action. *Smith v. Chicago Housing Authority,* 36 Ill. App. 3d 967, 344 N.E.2d 536; *Yelkovanoglu v. Gordon,* 19 Ill. App. 3d 261, 311 N.E.2d 322.

■■ We have examined the complaint, taking special notice that the challenge to the sufficiency of the complaint is now made after trial, verdict and judgment, and find that even though it appears that the trial court should have required plaintiff to amend the complaint so as to make it more definite in its allegations of appellant's liability, the complaint does adequately allege a cause of action. The judgment will therefore be affirmed. We believe that when all fair implications and intendments are ascribed to it, the allegation in the complaint that the defendant who did the actual beating was acting as appellant's agent at such time embraces the concept that such act was within the scope of the agency. (See *Irving v. Rodriquez,* 27 Ill. App. 2d 75, 169 N.E.2d 145; *Highway Insurance Co. v. Korman,* 40 Ill. App. 2d 439, 190 N.E.2d 124.) Similarly, the allegation that the beating was an act in furtherance of a conspiracy for such purpose on the part of both defendants, although conclusionary and devoid of underlying allegations necessary to state the existence of such conspiracy, did adequately notify the defendant of a claim under a general class of cases. These conclusions are compelled because of the peculiar posture of this case created by the insufficiency of the record on appeal supplied to this court, and the fact that the challenge to the sufficiency of the complaint is made subsequent to trial, verdict and judgment.

■■ Under Supreme Court Rules 321 and 322 (Ill. Rev. Stat. 1975, ch. 110A, pars. 321 and 322) the responsibility for providing an adequate record on appeal is placed principally upon the appellant. (*La Pierre v. Oak Park Federal Savings & Loan Association,* 21 Ill. App. 3d 541, 315 N.E.2d 908.) The appellant must furnish a record sufficient to establish reversible error (*Sandberg v. American Machining Co.,* 31 Ill. App. 3d 449, 334 N.E.2d 246), and any doubt arising from the incompleteness of the record will be resolved against the appellant. (*LaPlaca v. Gilbert & Wolf, Inc.,* 37 Ill. App. 3d 259, 345 N.E.2d 774; *Solomon v. City of Evanston,* 29 Ill. App. 3d 782, 331 N.E.2d 380.) There are three items which appellant did not include in the record on appeal which adversely affects the appeal: (1) the report of proceedings; (2) the instructions tendered at trial; and (3) the post-trial motion.

■■ If no report of proceedings is incorporated in the record on appeal, it is presumed that the trial court heard sufficient evidence and argument to support its verdict. (*LaPlaca v. Gilbert & Wolf, Inc.; Nelson v. Nelson,* 17 Ill. App. 3d 651, 308 N.E.2d 132.) Since the appellant did not include the report of proceedings, we must presume that there was sufficient evidence on the theories of agency and conspiracy to support a verdict for plaintiff with regard to appellant. We also must presume that the jury had before it the proper propositions of law for establishing appellant's liability as a principal or co-conspirator since the jury instructions were not made a part of the record. Doubts arising from the incompleteness of the record are resolved against the appellant. (*Solomon v. City of Evanston.*) We may also presume that any issues arising from omissions in the plaintiff's complaint were crystallized or derived at trial by the evidence presented there so as to waive any objection on review that a relevant issue was not present in the pleadings. *Hemingway v. Skinner Engineering Co.,* 117 Ill. App. 2d 452, 254 N.E.2d 133; *Hedrich v. Village of Niles,* 112 Ill. App. 2d 68, 250 N.E.2d 791.

■■ Appellant's failure to include the post-trial motion in the record on appeal is the most significant omission. Section 68.1 of the Civil Practice Act and Supreme Court Rule 366(b)(2)(iii) are both relevant here (Ill. Rev. Stat. 1975, ch. 110, par. 68.1 and ch. 110A, par. 366(b)(2)(iii)). Section 68.1 requires all requests for post-trial relief to be sought in post-trial motion, and Supreme Court Rule 366(b)(2)(iii) provides that any point or ground not specified in the post-trial motion may not be urged on review. Numerous cases have held that failure to specify an error in such motion waives its reviewability on appeal (*e.g., Mangan v. F.C. Pilgrim & Co.,* 32 Ill. App. 3d 563, 336 N.E.2d 374; *Freeman v. Chicago Transit Authority,* 33 Ill. 2d 103, 210 N.E.2d 191). Since, as already noted, the record on appeal does not include the post-trial motion, we are left in doubt whether appellant preserved the issue of the insufficiency of the complaint. We must resolve the doubt created by the deficiency of the record against appellant; consequently, we presume that the grounds were not asserted in the motion and therefore waived for purposes of appeal.

Even if we were to consider that the issues of the sufficiency of the complaint to allege appellant's liability because of an agency relationship or a conspiracy were being raised for the first time on appeal because they were not properly preserved at trial, the complaint would still be held sufficient and the judgment below affirmed. There are several propositions which come into play when the sufficiency of a complaint is challenged after trial, verdict and judgment. The statute on amendments and jeofails, section 6(5) (Ill. Rev. Stat. 1975, ch. 7, par. 6(5)) states in relevant part:

" * * * nor shall any judgment upon verdict or finding by the court * * * be reversed, impaired, or in any way affected, by reason of any of the following imperfections, omissions, defects, matters or things in the process, pleadings, proceedings or records, namely: * * *

Fifth—For any mispleading, insufficient pleading, * * *."

Defects in pleading may be cured by this section after verdict and judgment or by intendment after verdict. (*Scott v. Freeport Motor Casualty Co.*, 324 Ill. App. 529, 58 N.E.2d 618, *rev'd on other grounds*, 392 Ill. 332, 64 N.E.2d 542; *Cottrell v. Gerson*, 371 Ill. 174, 20 N.E.2d 74.) However, the statute on amendments and jeofails does not apply when no cause of action at all is set out. (*King v. Sea*, 6 Ill. App. 189.) Although the complaint in question does allege a cause of action imperfectly, the statute now renders it sufficient to sustain the judgment.

■■ We also believe the defective complaint in question in this case is cured by the common law doctrine of "aider by verdict." Under that doctrine, a verdict is deemed to cure not only all formal and purely technical defects in a complaint, but also any defect in failing to allege, or in alleging imperfectly, any substantial facts essential to a right of action, if issue joined was such as necessarily required, on trial, proof of facts so omitted or imperfectly stated and if such facts could be implied from the allegations of the complaint by fair and reasonable intendment. (*Gustafson v. Consumers Sales Agency, Inc.*, 414 Ill. 235, 110 N.E.2d 865; *Lasko v. Meier*, 394 Ill. 71, 67 N.E.2d 162.) The allegations appellant argues were missing were fairly implied from the complaint's allegations and must necessarily have been proved for the jury to bring back a verdict against appellant as well as his co-defendant.

For the foregoing reasons, we affirm the judgment of the circuit court of Marion County.

G. MORAN and KARNS, JJ., concur.