Robert LARDER
vs.
Patricia JENNINGS

No. 287

District Court Department
Appellate Division, Western District
Trial Court of the
Commonwealth of Massachusetts

February 10, 1981

Frank E. Antonucci for the plaintiff.
Jeffrey L. McCormick for the defendant.

Present: Walsh, P.J., McGuane, J., Greenberg, J.

## OPINION

GREENBERG, J. In this negligence action plaintiff sought to recover damages for personal injury as the result of a fall on the premises of the defendant on January 9, 1977. The trial judge found that the plaintiff was a social guest at the defendant's home shortly before his accident. His findings indicate that the plaintiff's injuries were sustained while leaving the premises when he slipped and fell on the steps leading into the driveway controlled by the defendant. The trial judge concluded, partially based on photographic evidence before him,[1] that the steps were covered by an unnatural accumulation of snow and ice. His reference to the accumulation being unnatural, is framed within the context of his findings that discharged water or melted snow flowing from a downspout onto the steps contributed to the condition.

Appellant's principal contention is that the trial court's conclusion was unsupported by the evidence. We disagree. The duty of the defendant is governed by well-recognized principles of law articulated in **Mounsey v. Ellard, 363 Mass., 693** (1973).

While an owner or person in control of real estate has no liability for a natural accumulation of ice or snow upon the premises where the evidence shows that the ice condition formed through the operation of the forces of nature, **Robrish v. Snyder, 252 Mass. 92 (1925)**, it has long been the law in the Commonwealth that structural parts of buildings which create channels of water accumulating on walkways, public or private, can be the source of liability on a theory of negligence. The maintaining of an artificial structure, or something which causes an unnatural accumulation of ice which the owner could have foreseen to cause a dangerous condition, was held to be actionable in **Hynes v. Brewer, 194 Mass. 435 (1907); Pritchard v. Mabrey, 358 Mass. 137 (1970); Bullard v. Mattoon, 297 Mass. 182 (1937); and Shipley v. Fifty Associates, 106 Mass. 194 (1870)**.

In **Jefferson v. L'Heureux, 293 Mass. 490 (1935)**, a case where plaintiff was denied recovery for a fall on a sidewalk next to the building of the defendant, the Supreme Judicial Court emphasized that on the facts of the case, it was conjectural whether the ice came from natural or unnatural causes. Commenting on the lack of evidence as to whether water dripped from the roof and did not come from any downspout, or was otherwise accumulated by any structural causes, it declined to hold the defendant liable for negligence. The trial judge's findings are clearly dispositive of this issue and do not present any ambiguity with regard to the cause of the accumulation being the drainage onto the steps by gutter and downspout.

There being no prejudicial error, the report is dismissed.

Walsh, P.J.
McGuane, J.
Greenberg, J.

---

[1] We note that these photographs were not included as part of the record in the report, but are referred to in the trial court's report as fairly representing the condition of the premises showing the position of the gutter and downspout.