(No. 12784.—Decree affirmed.)

THE GARDEN CITY SAND COMPANY, Appellant, *vs.* S. J. CHRISTLEY *et al.* Appellees.

*Opinion filed October 27, 1919.*

1. MORTGAGES—*when purchaser at master's sale cannot object to right of another creditor to redeem.* Where a company goes out of business and conveys its property to a trustee for the benefit of creditors the conveyance is, in effect, a mortgage, and a creditor who has filed a bill for dissolution of the trust and has purchased the property at the master's sale cannot object to the right of another creditor of the grantor to redeem, on the ground that the redeeming creditor is not a creditor of the trustee.

2. SAME—*when a deed absolute on its face is a mortgage.* A deed, although absolute on its face, is in law a mortgage where it is given to secure a debt or to secure the performance of a certain act.

3. REDEMPTION—*meaning of term "any judgment creditor," in section 20 of statute on judgments and decrees.* In section 20 of the statute on judgments and decrees, giving any judgment creditor the right to redeem, the term "any judgment creditor" means any creditor having a judgment upon which execution may be issued at the time he seeks to redeem, without respect to when the judgment was obtained.

4. SAME—*judgment need not be a lien on land to give right of redemption from execution sale.* To entitle a judgment creditor to redeem from execution sale it is not necessary that his judgment be a lien on the land involved.

5. SAME—*when holder of certificate of sale is not entitled to be reimbursed for taxes and expenses.* Under section 27a of the statute on judgments and decrees (Hurd's Stat. 1916, p. 1589,) the holder of a certificate of a master's sale will not be entitled to be reimbursed for taxes and expenses when a judgment creditor subsequently redeems from the sale, unless said holder has filed receipts for such taxes and expenses with the sheriff or other officer who made the sale.

6. PLEADING—*filing replication admits plea to be good in law.* Where a complainant files a replication to the plea to his bill he admits the plea to be good in law and raises only an issue on the facts alleged.

7. STATUTES—*statutes of redemption should be liberally construed.* Statutes of redemption should be liberally construed, in order that the property of the debtor may pay as many of his debts and liabilities as possible.

APPEAL from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding.

EDWIN C. CRAWFORD, for appellant.

NING ELEY, (ROBERT ZALESKI, of counsel,) for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an appeal from the superior court of Cook county dismissing for want of equity appellant's bill for injunction to restrain the sheriff of Cook county from selling certain property under execution and levy, or, if such sale had been made and deed issued, to set said deed aside.

The bill of complaint sets forth, in substance, that the J. W. Dopp Foundry and Manufacturing Company had ceased business May 1, 1911, at which time, being owner of the land and plant described in the bill of complaint, it conveyed the same to William G. Eaton, a member of the firm of Eaton, Rhodes & Co., a creditor of the Dopp Company; that after the deed to Eaton was recorded, Eaton by letter dated February 19, 1912, stated to the cred-itors of the Dopp Company, among whom was the appellant, that he (Eaton) held the property as trustee for such creditors as should join Eaton, Rhodes & Co. in a certain proposition set out in this circular letter. In answer to this letter of Eaton the appellant accepted the proposition contained in the letter and thereby became one of the beneficiaries of the trust created by said deed. Eaton, while holding said property in trust, did not perfect the plan thus proposed to certain creditors who would join with Eaton, Rhodes & Co. and neglected to pay taxes for the year 1914, for which taxes the property was sold on September 3, 1915, from which sale no redemption was had until the appellant filed its bill, as hereinafter stated; that Eaton neglected to insure the property and permitted the same to

stand unused and unprotected; that the appellant, complainant in the instant case, then filed a bill in equity to terminate said trust and to have Eaton declared trustee for the benefit of appellant and other creditors and to enjoin him from selling or incumbering said real estate; that he convert the real estate into money and distribute the proceeds derived from the sale of the same among all the creditors who proved their claims in that proceeding. William G. Eaton and Eaton, Rhodes & Co. were the only defendants to the bill, the other defendant having been dismissed from said cause.

A decree was entered on said bill to terminate the trust, granting the relief prayed for and ordering the property in question to be sold as prayed in the bill of complaint. The master sold the property, as required by the decree of the court, for $849.79. The appellant, the Garden City Land Company, which was the complainant in that bill, was the purchaser at said sale and received from the master a certificate of sale reciting that appellant would be entitled to a deed February 7, 1918, unless theretofore redeemed according to law. On January 15, 1918, prior to the expiration of the period of redemption, the appellee S. J. Christley recovered a judgment at law on a judgment note against the Dopp Company for $8280 and costs of suit, upon which an execution was issued on February 4, 1918. On February 5, 1918, Christley deposited with the sheriff the amount of the purchase price at the master's sale and interest thereon and costs, and the sheriff issued to him a certificate of redemption from the master's sale, and on March 7, 1918, the sheriff sold the property under Christley's execution and issued a sheriff's deed to Christley, who purchased the property at the sheriff's sale. The bill in the instant case seeks to enjoin the sheriff from making a deed to Christley under such judgment sale, or, if a deed is made, to set the same aside. As the record shows the deed to have been made, the bill will be considered one to set aside said deed.

The appellees filed a plea to the bill of complaint admitting the facts substantially as herein set forth, claiming their right to redeem from the master's sale and setting forth the payment of the amount bid at that sale and the accrued interest and costs and the receipt of the certificate of redemption as herein set forth, and also averring that the appellant, as a corporation, may not own, possess or enjoy the property in question except in the collection of the debt due it from the Dopp Company. To this plea appellant filed a replication in the usual form. By agreement of counsel the cause was referred to the master, who found there was no equity in the bill, and in a supplemental report the master found against the appellant as to the sum of $615.59 expended by it during the period of redemption from the master's sale for protection of the property, on the ground that the receipts therefor were not filed with the master in chancery or other officer, in compliance with the statute relating to such matters. The court entered a decree dismissing the complainant's bill of complaint for want of equity.

It is contended by the appellant that the Dopp Company, by reason of its conveyance to Eaton, had no such interest in the land in question as would be subject to execution on the judgment of S. J. Christley acquired after said conveyance; that since Christley had no judgment against Eaton he could not redeem from the decree and sale by the master, as aforesaid, in which proceedings the Dopp Company was not a party but was a stranger to the whole record, and therefore Christley and the sheriff should be enjoined from selling said real estate under the levy, and if the same had been sold such sale should be set aside.

It is contended by the appellees that the deed to Eaton is in legal effect a mortgage to secure such creditors of the Dopp Company as accepted the proposition of Eaton; that the proceedings against Eaton were in legal effect the foreclosure of a mortgage, from which the Dopp Company

had the right of redemption within twelve months and the creditors of the Dopp Company within fifteen months; that the appellee Christley, being a judgment creditor of the Dopp Company, had the right to redeem from the master's sale aforesaid within fifteen months upon payment of the amount received at said sale, with interest and costs; that the $615.59 paid by the appellant during the period of redemption for the up-keep and benefit of said property should not be included in the amount paid for the redemption, on the ground that receipts for such payment were not filed with the sheriff or other officer, as required by the statute; that the complainant has not set forth in its bill grounds for equitable relief.

The principal question involved in this case is whether or not Christley had the right to redeem from the sale of this property in a suit against Eaton, trustee. Appellant urges that he had not such right because he was a creditor of the Dopp Company and was not a creditor of Eaton. It is evident that Eaton held the property conveyed to him by the Dopp Company for the benefit of creditors, and that although the deed was in form an absolute deed, such deed was in effect a mortgage. The only basis of appellant's decree for sale in the suit against Eaton was that it was a creditor of the Dopp Company and that the property was, in fact, the property of the Dopp Company. Appellant, therefore, cannot blow both hot and cold on that question. Having recovered this decree of sale on that ground, it will not now be heard to say that the property belonged to Eaton and that the Dopp Company had no interest in it. It was held in *Fitch* v. *Wetherbee,* 110 Ill. 475, that a deed, although absolute on its face, is in law a mortgage, where it is given to secure a debt or to secure the performance of a certain act.

Paragraph 20 of the chapter on judgments, decrees and executions, provides that where the owner of land or par-

ties interested through him do not redeem from a judgment sale within twelve months, then any decree or judgment creditor may, after the expiration of twelve months and before the expiration of fifteen months, redeem the premises by suing out an execution upon his judgment or decree and placing the same in the hands of the sheriff or other proper officer to execute. The language "any judgment creditor" has been held to mean any creditor having a judgment upon which execution may be issued at the time he seeks to redeem, without respect to when the judgment was obtained. *Kerr* v. *Miller,* 259 Ill. 516; *Meier* v. *Hilton,* 257 id. 174.

It is urged that the Dopp Company was not made a party defendant to the suit against Eaton, and that therefore a judgment creditor of the Dopp Company does not have a right of redemption. The only effect of the failure of appellant to make the Dopp Company a party defendant in that suit was to leave untouched the equity of redemption which the Dopp Company had under its deed of trust to Eaton. Equity looks to the substance and not to the form, and where, as here, the property was, in fact, the property of the Dopp Company, appellant cannot be heard in equity to take the benefit of its own failure to make the Dopp Company a party defendant. In addition, it may be said that it is established in this State that in order to entitle a judgment creditor to redeem from execution sale it is not necessary that his judgment be a lien on the land involved. (*Sweezey* v. *Chandler,* 11 Ill. 445; *Karnes* v. *Lloyd,* 52 id. 113; *Fitch* v. *Wetherbee, supra.*) It will be seen, therefore, that as between appellant and appellees, appellees had the right to redeem.

Appellant also contends that the plea of appellees is not good. It, however, filed a replication to the plea, and by so doing admitted the plea to be good in law and raised an issue on the facts alleged, only. (Puterbaugh's Ch. Pl. & Pr.—ed. of 1916,—136.)

It is earnestly urged on behalf of appellant that it should be allowed a further sum, and interest thereon, for taxes and up-keep of the premises in question. Although this matter was not made a part of the bill of complaint of appellant, evidence was heard thereon by the master and a supplemental report was filed denying the appellant right to such relief, which report was affirmed by the chancellor. Section 27a of chapter 77, before the amendment of 1917, provided the method to be followed if the holder of a certificate of sale under execution or decree desired to be reimbursed for the payment of taxes and expenses. That section required that receipts for such expenditures should be filed with the sheriff, master in chancery or other officer who made the sale. This was in order that the redeeming creditor might know the condition of the property. This was not done. The sale of property under decree or execution or judgment is a matter provided for by statute, as is the redemption thereunder by the judgment creditor. It is a proceeding at law and not in equity, and the statute must be complied with if its benefits are to be had. The chancellor did not err in denying appellant reimbursement and interest for its expenditures in the up-keep of the premises, in the absence of such receipts.

We are of the opinion that appellant's bill was without equity. Statutes of redemption must be liberally construed, to the end that the property of the debtor may pay as many of its debts and liabilities as possible. *Schuck* v. *Gerlach*, 101 Ill. 338; *Kerr* v. *Miller, supra; Fitch* v. *Wetherbee, supra.*

The chancellor did not err in dismissing appellant's bill of complaint. The decree of the superior court will therefore be affirmed. *Decree affirmed.*