**Mary Scott and Fred Scott, Appellees, v. Freeport Motor Casualty Company of Freeport, Illinois, Appellant.**

**Gen. No. 9,613.**

filed April 25, 1941.   Rehearing denied June 24, 1941.

HENRY C. WARNER, of Dixon, and BURRELL & BURRELL, of Freeport, for appellants; DAVID M. BURRELL, of counsel.

GEORGE SPITZ, of Dekalb, and FRANKLIN J. STRANSKY, of Chicago, for appellees; FRANKLIN J. STRANSKY, of counsel.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

The plaintiffs, Mary Scott and Fred Scott, each procured a judgment against Bernard Eden for the injuries they received in an automobile collision between a car being driven by Fred Scott and the car owned and driven by Bernard Eden. The judgment in favor of Fred Scott was for $2,500, and of Mary Scott for $5,000. Executions were issued out of the circuit court of Lee county against Bernard Eden on said judgments, and the same were. returned unsatisfied.

At the time of the accident in question, Bernard Eden carried a policy of insurance in the Freeport

Motor Casualty Company of Freeport, Illinois, insuring him against liability for injuries he might cause by his automobile.

The plaintiffs, Mary Scott and Fred Scott, started a suit in the circuit court of Lee county against the Freeport Motor Casualty Company of Freeport, Illinois, for the amount of the judgments which they had procured against Bernard Eden. The petition sets forth the former suit, and the procurement of the judgments, as before mentioned, and alleges that on account of the defendant insurance company insuring Eden against liability for automobile collisions, that it was liable to pay the plaintiffs the amount of their judgments of $7,250. A copy of the insurance policy issued by the defendant company to Bernard Eden, was attached to the petition and made a part thereof. It is alleged that all the conditions precedent in said contract, had been fully performed, and the plaintiffs ask judgment against the defendant.

After numerous motions to strike, the defendant filed its answer in which it admits the issuance of the policy; that the premium thereon had been paid; that Bernard Eden advised the defendant of the accident in question, and served upon it the proof of loss. The answer denies that Bernard Eden performed all conditions precedent, and charges that Eden was guilty of one or more violations of the provisions of said policy, namely, "That at the time of the alleged accident in question, the said Bernard Eden was driving and operating said automobile on a trip taken for the purpose of selling cattle or livestock in the capacity as Salesman for the Morris Cattle Company, and that by reason of the employment of Eden by the Morris Cattle Company in this capacity, and his acting as their salesman, that the said policy of insurance became wholly void and in no effect."

The second paragraph of the answer sets forth that at the time of the accident in question, said Bernard Eden was driving and operating his automobile on a

trip taken for the purpose of selling cattle or livestock in the capacity of a salesman for the Morris Cattle Company, and that after the issuance of said policy of insurance, and after its receipt by the said Bernard Eden, and before the accident, the said Eden was employed by the Morris Cattle Company, as a salesman, and at the time of the accident, was so employed, and by reason of said employment, the insurance became wholly void and in no force and effect.

The fourth and fifth counts of the answer charge that the said Bernard Eden received personal injuries in the accident in question, and after the said accident, the Iowa Mutual Liability Insurance Company paid to Bernard Eden, as an employee, of the Morris Cattle Company, certain sums as compensation to said Eden for personal injuries, under and by virtue of the Workmen's Compensation Act of the State of Illinois. Both the fourth and the fifth counts set forth a certified copy of an order of the Industrial Commission which was signed by Henry Horner, Governor, Industrial Commission, etc., and a receipt signed by Bernard Eden showing compensation paid to Bernard Eden in full as an employee of the Morris Cattle Company. Later in the hearing of the case, the court struck out that part of count four and five setting forth the order and receipt of the settlement with the Industrial Commission between Eden and the Morris Cattle Company. The plaintiffs filed a reply to the defendant's answer, and denied that at the time of the accident in question, Eden was operating his car as a salesman for the Morris Cattle Company, and denied that before said accident, that Eden had been acting in the capacity as salesman for said Cattle Company.

Attached to the policy and made a part thereof, was a rider known as SPECIAL FARMER ENDORSEMENT, which is as follows: "In consideration of the reduced premium for insurance protection against the hazards

specifically designated and covered by this policy, it is a condition of said insurance that the named Assured must reside on a farm outside of the limits of any village, town or city, and shall engage in no occupation other than farming throughout the term for which this policy is issued. In the event the named Assured, without the written consent of the Company endorsed hereon, changes his occupation or his place of residence or if the herein described motor vehicle is used for any other purpose other than ordinary farm and/or pleasure purposes, or if the Assured violates any condition of this insurance or knowingly permits the violation of any such condition, then this policy shall cease automatically and immediately become null and void.

"Attached to and forming a part of Policy No. 128583 of the Freeport Motor Casualty Company of Freeport, Illinois.

"Freeport Motor Casualty Company
Paul F. Seitz, President

"C. P. Young, Secretary."

After the fifth count of defendant's answer was filed, the plaintiffs filed a reply in which they denied that Eden was driving and operating an automobile for the purpose of selling livestock in the capacity as a salesman for the Morris Cattle Company, and denied that after the accident, the said Bernard Eden elected to receive workmen's compensation payments from the Iowa Mutual Liability Insurance Company insuring the said Cattle Company, as said Eden's employer. They further reply that they have no knowledge as to whether or not the said Eden executed a document entitled, "Henry Horner, Governor, Industrial Commission," etc., and state they have no knowledge whether Bernard Eden signed the receipt for the payments therein mentioned.

The case was tried on the theory that Bernard Eden having had a policy of insurance with the defendant,

Freeport Motor Casualty Company, of Freeport, Illinois, and the plaintiffs having procured a judgment against Bernard Eden for personal injuries, which were caused by the car which is covered by the insurance in question, that therefore, the defendant company was liable to the plaintiffs to the amount of the judgment which they had procured against Eden. On the other hand, it is the theory of the defendant that the policy in question, provides that the company would be liable only in the event that Bernard Eden, the insured, followed no other occupation except farming. The car insured was to be used only by him in his farming operations and pleasure purposes, and if the car was used in any other manner, then the policy of insurance should become null and void. The instructions tendered by the plaintiffs and the defendant clearly indicate that this was the theory of each of the parties. While the instructions are not numbered, or designated whether they were offered by the plaintiffs or the defendant, we take it that the sixth instruction given by the court, was offered by the plaintiffs and the fifth offered by the defendant.

The case was submitted to a jury who found the issues in favor of the defendant. The plaintiffs entered a motion for a new trial, which was granted by the trial court. It is from this order granting a new trial, that this appeal is prosecuted. In passing upon a motion for a new trial, the trial court can only consider errors that are alleged to have occurred during the course of the trial, and must accept the issues as presented in the pleadings at the time of the trial. Errors arising upon the rulings of the court to the pleadings furnish no basis for the motion for a new trial. *George B. Swift Co. v. Gaylord,* 126 Ill. App. 281; *Cella v. Chicago & W: I. R. Co.,* 217 Ill. 326; *Guyer v. Davenport, R. I. & N. W. Ry. Co.,* 196 Ill. 370.

We are favored with the court's decision in granting the motion of plaintiffs for a new trial. The court

based it wholly upon things that did not occur during the course of the trial, but construed the policy of insurance to mean, that any change in the occupation of the insured from a farmer, must mean one of a material change. This was not the theory upon which the case was tried, but as before stated, on a clear cut issue whether the insured, Bernard Eden, had engaged in the sale of livestock for the Cattle Company, and whether or not at the time of the accident in question, he was engaged in such business. The jury, by their verdict, have found that he was so engaged.

From an examination of the abstract, and reading the record of the evidence of Bernard Eden, we do not see how the jury could have come to any other conclusion than the one they did. Eden admits that he was selling cattle on a commission for the Cattle Company, and accepted workmen's compensation from the insurance company, as being an employee of the Morris Cattle Company at the time the accident in question occurred.

Complaint is made in regard to the instruction given on behalf of the defendant, as being erroneous and prejudicial. We do not think this instruction is subject to the criticism, as stated by the appellee. The instruction states that the action is, that the plaintiffs had recovered a judgment against Bernard Eden; that now they are seeking to hold the defendants liable on account of an insurance policy, and that the rights of the plaintiffs against the insurance company were no greater nor less than the rights of Bernard Eden against the insurance company, and that the plaintiffs stand in the shoes of the said assured, Bernard Eden, and that the plaintiffs, before they can recover, must prove by a preponderance or a greater weight of evidence, that Bernard Eden had complied with the terms of the insurance policy, and if they failed to do so, they could not recover. We think this instruction clearly states the law, and there is nothing in it that could be

prejudicial or mislead the jury in regard to it.

An examination of the instruction at the bottom of the page on which we found the foregoing instruction, is one that we presume was given on behalf of the plaintiffs, as it directs the jury in the event they find certain facts, to find the defendant guilty. An examination of this instruction discloses that the jury was instructed that if they find, from a preponderance of the evidence, that Bernard Eden was engaged in no other occupation other than farming, throughout the term for which said policy was issued, that he did not change his occupation or place of residence or occupation during the term of said policy, and they found that the motor vehicle in said policy was not used for any other purpose other than farming or pleasure purposes during the term for which said policy was issued, and that the insured did not violate any condition of said insurance policy, and the insured complied with all the terms and conditions of said policy, to find the defendant guilty.

If Bernard Eden had been the plaintiff and suing the defendant for the amount of judgment which the plaintiffs had procured against him, certainly it would be incumbent upon him to prove that he had complied with all the terms and conditions of the policy. The plaintiffs were bound to prove the same facts as Eden would be required to prove if he had been the plaintiff. Plaintiffs' given instruction to the jury so states in substance.

Plaintiffs further insist that the court was justified in granting a new trial because of the action of one of the attorneys for the defendant, and have filed an additional abstract showing some of the alleged misdeeds. We have read the record itself of the misdeeds complained of, and we think the court was perfectly justified in cautioning the attorneys several times in regard to their behaviour, but it seems to us that the

plaintiffs have no cause for complaint, as the record discloses that the attorneys for each side were very insistent on some of their questions, and their conduct is subject to some criticism.

On the whole, we think that each side of the controversy had a fair trial; that the jury found the issues in favor of the defendant and under the evidence, as presented, could not have found otherwise than the way they did. It is our conclusion that the trial court erred in granting the plaintiffs a new trial. The order of the trial court granting the plaintiffs a new trial is hereby reversed and judgment is entered in this court in favor of the defendant.

*Reversed and judgment entered in this court.*