Mary Scott and Fred Scott, Appellees, v. Freeport
    Motor Casualty Company of Freeport, Illinois, Ap-
    pellant.

Gen. No. 9,966.

Dove, P. J., concurring in result.

Opinion filed September 19, 1944. Rehearing denied January 18, 1945. Released for publication January 19, 1945.

BURRELL & BURRELL, of Freeport, and HENRY C. WARNER, of Dixon, for appellant; DAVID M. BURRELL, of Freeport, of counsel.

FRANKLIN J. STRANSKY, of Chicago, and GEORGE SPITZ, of DeKalb, for appellees; FRANKLIN J. STRANSKY, of Chicago, of counsel.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

The issues in this case and upon this appeal, are legal in character and relate to practice and procedure. The case was before this court upon a former appeal (310 Ill. App. 421). On petition for leave to appeal from the decision of this court, the case was reviewed by the Supreme Court (379 Ill. 155).

In order to make this opinion intelligible to one not involved in the litigation and without access to the records in the appeals, it is necessary to set out somewhat at length the history of the case.

This suit originated in the circuit court of Lee county, by Fred and Mary Scott filing their complaint against the Freeport Motor Casualty Company of Freeport, Illinois, on February 20, 1939. They had

previously recovered judgments against one Bernard Eden, occasioned from a collision of an automobile driven by the said Eden with one driven by Fred Scott, with whom Mary Scott was riding.

For convenience, we shall hereafter refer to Fred and Mary Scott as plaintiffs, and to the Freeport Motor Casualty Company as defendant.

At the time of the accident wherein plaintiffs were injured by the collision between their car and that driven by Eden, the defendant had outstanding a policy of insurance with the said Eden, insuring him against liability for injuries he might cause to others by the operation of his automobile. Following the plaintiffs' judgments against Eden, from which he took no appeal, they caused executions to issue thereon which were returned unsatisfied. Thereafter, they instituted this suit against the defendant to recover their judgments, under the policy of insurance which had issued to Eden.

The trial in that case was before a jury, which returned a verdict for the defendant. The court granted plaintiffs' motion for a new trial. The defendant appealed to the Appellate Court from the order of the circuit court granting the motion for new trial. The Appellate Court reversed the order of the trial court granting motion for new trial, and entered judgment in the reviewing court for the defendant. (310 Ill. App. 421.) Thereafter, on petition for leave to appeal from the decision of the Appellate Court, the case was reviewed by the Supreme Court (379 Ill. 155), wherein it was held that the judgment of the Appellate Court reversing the order of the trial court granting a new trial, was within its jurisdiction; but that it exceeded its jurisdiction when it entered judgment on the verdict, and to that extent, its judgment was erroneous and void. The judgment of the Appellate Court entered on the verdict was reversed and the cause remanded to that court with directions to remand the

case to the circuit court, with directions to overrule the motion for new trial.

Pursuant to directions of the Supreme Court in 379 Ill. 155, the mandate of the Appellate Court issued to the circuit court.

Plaintiffs filed objections to the entry of an order by the circuit court overruling the motion for new trial pursuant to mandate of the Appellate Court. The motion set up that such mandate was contrary to the judgment and opinion of the judge of the trial court who heard said cause and who granted said motion; and further, that sec. 77 of the Civil Practice Act which provides for appeal from order of the trial court granting motion for new trial, was unconstitutional. The trial judge overruled the objections of plaintiffs and entered order overruling the motion for new trial, pursuant to mandate of the Appellate Court.

Thereafter, plaintiffs filed their motion in arrest of judgment, to arrest the entry of judgment in said cause in favor of the defendant. As grounds for such motion, plaintiffs set up that the sole issue of fact presented to the jury by the pleadings in the case, was predicated on affirmative pleas and other pleadings filed by the defendant and denied by plaintiffs; that the issue, so presented, was wholly immaterial and not determinative of the rights and interests of plaintiffs in the policy of insurance, nor of the liability of the defendant thereunder. It was further set up that no pleading filed by defendant presented a sufficient defense; that the affirmative plea the insured was engaged in operating his automobile as a salesman for a cattle company at the time in question, whereby the policy was rendered void and of no force and effect, was wholly insufficient to constitute a defense against plaintiffs' suit; and that the cause was submitted to the jury without any issue of fact, which was determinative of the rights of the parties, where-

fore the verdict of the jury was a nullity upon which no valid judgment could be rendered.

The trial court sustained the motion in arrest of judgment and held the verdict of the jury to be null and void and of no effect. The court further ordered that new pleadings should be filed which would raise issues of law and fact determinative of the rights of the parties under the policy. Thirty days were fixed as the time for such pleadings. The defendant excepted to the above order.

Defendant refused to plead further and on September 20, 1943, on motion of plaintiffs, was held to be in default for want of sufficient answer or other pleadings to the complaint as originally filed February 20, 1939, and as amended April 17, 1939, and June 17, 1943. Following the order finding defendant in default, plaintiffs on November 5, 1943, secured leave of court to amend their complaint. Pursuant to such leave granted, plaintiffs filed two additional counts, designated as counts 2 and 3, wherein new matters and new issues were for the first time presented. Count 2 is directed toward certain alleged conversations between the insured Eden, and defendant's agent, Tucker, who solicited and sold the policy, in which it is set up that the said Tucker was the general agent of defendant company, and was fully advised by Eden before his making application for the policy, of his connections with the cattle company and of the services he performed for it, alleging that Tucker as general agent, stated such services by Eden on behalf of the cattle company would be all right, and proceeded to have the policy issued, all of which knowledge on his part was binding upon defendant. Count 3 alleges that a certain law firm defended the suit brought by plaintiffs against Eden, wherein they recovered their judgments, and were retained so to do by the defendant, and that this act was one of admission on the part of defendant that the policy in question was in full force

and effect on the day in question. The court ruled defendant to plead or answer to the additional counts by November 30, 1943. Defendant filed no further pleadings.

On November 30, 1943, plaintiffs filed motion to strike the pleadings of the defendant as previously filed, upon the ground that they did not present issues determinative of the rights of the plaintiffs in the policy of insurance or of the liability of the defendant thereunder. The court granted this motion. Jury was called on November 30, 1943, evidence submitted on behalf of plaintiffs, at the close of which, the court instructed the jury, and the jury returned a verdict in favor of Mary Scott for $6,228.80, and of Fred Scott for $2,803.12. Judgment was rendered on the verdicts.

Thereafter, defendant filed its motion setting up that all proceedings and orders of the trial court subsequent to the filing of the mandate of the Appellate Court were void, except for the order of the trial court overruling the motion for a new trial; that the issues of fact were tried and concluded adversely to plaintiffs' contention and that the second trial was void; that the action of the court in striking all of defendant's affirmative defenses and pleadings was error; and that by plaintiffs joining issue with such defenses in the first trial, an issue of fact was presented and concluded by verdict.

We shall now refer to the position of plaintiffs with respect to the action of the trial court in granting their motion in arrest of judgment. They base their right to this motion upon the grounds that the affirmative pleas filed by defendant presented an immaterial issue which was not determinative of the rights and interests of plaintiffs in the policy of insurance, nor of the liability of the defendant thereunder; that no pleading filed by the defendant presented a sufficient defense; that its plea alleging the policy was rendered void and of no effect at the time in question by the

then occupation in which Eden was engaged, was wholly insufficient to constitute a defense against plaintiffs' suit; and that therefore, the case was submitted to the jury without any issue of fact which was determinative of the rights of the parties, wherefore the verdict of the jury was a nullity upon which no valid judgment could be rendered.

A number of other points are argued by plaintiffs in their brief, and many cases and authorities are referred to. The brief and authorities have been studied with interest. However, its extent prevents any detailed reference to the authorities referred to. The first and primary thing to be considered is whether the court erred in sustaining plaintiffs' motion in arrest of judgment. Should it be concluded the court was in error in this respect, no reference is necessary to other points.

In considering the above question, it will be necessary to go somewhat into detail with respect to the pleadings as they existed at the time of the first trial. These we shall discuss later.

Much reference is made by plaintiffs on the question of arrest of judgment and the principle upon which the same operates, to Gould on Pleading (1887 ed.), ch. 10. The chapter of the edition referred to, and of the 1908 edition, to which reference is had herein, is devoted to the subject of arrest of judgment, and judgment notwithstanding the verdict. We find the author there states that a party who does not upon the whole record appear entitled to judgment, cannot have it, even though a verdict has been found in his favor. This rule operates when the record discloses no right of action or no legal defense in his favor. This necessarily requires that the declaration or complaint be fatally defective in stating a cause of action and that the plea of the defendant be totally void of substance. The author recognizes that a general verdict cures many defects in the pleadings; and that if the plead-

ings of a party to whom a general verdict has been found are faulty in omitting some particular fact or circumstance without which he ought not to have judgment, but which is nevertheless implied in or inferable from the finding of those facts which are expressly alleged and found, the omission is supplied by a general verdict and motion in arrest of judgment will not lie. It is further observed that if an issue is so immaterial, that the court cannot discover, from the finding upon it, for which party judgment ought to be given, the judgment will be arrested. This rule is based upon the fact that no judgment can be rendered until the material issues of fact are determined. We find that whenever one of the parties to a suit, passing by what is material in the adverse pleading, tenders an issue upon a point which is wholly immaterial and not controlling, and obtains a verdict, the judgment on motion will be arrested. Under such circumstances, where the only fault lay in the issue, it was the general custom of the court on arresting judgment, to award a repleader in order that a better and proper issue might be framed.

However, such situations were not common and were usually confined to instances where the matter of fact found by the verdict was wholly immaterial and not decisive of the rights in controversy. Where we find the issues presented, decisive of the merits, a general verdict cures formal defects in the pleadings. It is only issues which are so immaterial, that they include nothing material upon which a verdict for either party can decide the merits of the controversy, that remain incurable after a general verdict.

The foregoing observations from Gould are stated by the author as intending to explain the object and effect of motions in arrest of judgment, when the only substantial defect in the pleadings, is in the issue on which the verdict has been found. A repleader can properly be awarded only after an issue in fact is

joined and tried. The rule for this is that a verdict may cure the fault in the issue and thus supersede the necessity of repleading.

From our study of ch. 10 of Gould on Pleading, we are of the opinion it is the conclusion of the author that if an issue is so immaterial, that the court cannot discover from the finding upon it, for which party judgment ought to be given, the judgment will be arrested. We are of the opinion this is the test that should be given the pleadings in this case.

Reference is also made to 3 Black. Com. These will be found confined to chapter XXIV, of Book 3, which discusses arrest of judgment and repleader. On page 394, the author observes that where a verdict ascertains facts, which before from the inaccuracy of the pleadings might be dubious, that the law will not suppose a jury under the inspection of a judge would find a verdict for the plaintiff or defendant, unless he had proven the facts without which his general allegation would be defective. The author further observes that exceptions that are moved in arrest of judgment must be more material and glaring than such as would sustain a demurrer. In other words, many inaccuracies and omissions, which would be fatal if early observed, are cured by a subsequent verdict; and not suffered, in the last stage of a cause, to unravel the whole proceeding. The succeeding paragraph on p. 395, has to do with the issues being joined on a fact or facts totally immaterial and insufficient to determine the rights of the parties, so that the court upon the finding cannot know for whom judgment ought to be given. Here the author discusses repleader which upon issuance of motion in arrest was in some instances granted in order that a proper and material issue might be framed. The matter of text between Black. Com. and Gould on Pleading is very marked.

Briefly stated, the rule as observed in Black. Com. appears to be that judgment will be arrested where the

issue as found by the verdict does not determine the merits of the case, as they existed by the issues then made, providing such issues were material and decisive.

The right of either party to move for arrest of judgment is retained in the Civil Practice Act by subsection 1 of section 68 thereof (Ill. Rev. Stat. 1943, ch. 110, par. 192 [Jones Ill. Stats. Ann. 104.068]). The rule that pleading over after a demurrer does not waive innate defects in the declaration such as to render it insufficient to sustain a judgment, or preclude the right to raise such question on review, has long been established in this state. *Chicago, R. I. & P. R. Co. v. People,* 217 Ill. 164; *Cottrell v. Gerson,* 371 Ill. 174. However, unless the declaration or complaint is so defective as to fail to state a cause of action, pleading over after demurrer constitutes waiver of the right to assign such ruling as error, with certain exceptions as provided by rule 21 of the Illinois Rules of Practice and Procedure [Ill. Rev. Stat. ch. 110, par. 259.21; Jones Ill. Stats. Ann. 105.21].

So we find the old and long established rule, that if the plaintiffs' declaration, or complaint, or the pleadings of the defendant, are so defective that no judgment can be rendered thereon, then judgment for plaintiff cannot stand and judgment for defendant may be stayed by arrest of judgment. However, as stated in *Cottrell v. Gerson,* 371 Ill. 174, at p. 179, "Defects in pleading may be aided by the pleadings of the opposite party, or cured by the Statute on Amendments and Jeofails, or by intendment after verdict." It is there noted that sec. 6 of the above statute (ch. 7, 1943 Ill. Rev. Stat. [Jones Ill. Stats. Ann. 107.031]), "provides, among other things, that a judgment upon a verdict shall not be arrested or reversed for any mispleading." The sub-section here referred to is the fifth. It also includes insufficient pleading, misjoining of the issue, or want of a joinder of issue.

It will now be necessary to review the pleadings in order that it may be determined whether under the foregoing observations, motion in arrest of judgment for plaintiffs was properly granted.

The complaint as originally filed consisted of one count, divided into seven paragraphs. The first paragraph recited the corporate existence of the defendant; the second, the issuance of its policy of insurance to Eden; the third, that the policy was in full force and effect on the day in question; the fourth, that on the day in question, Eden while driving his automobile, collided with that driven by plaintiff Scott, and as result thereof, plaintiffs received injuries to their person and property; the fifth, that defendant had notice of the accident and injuries through proof of loss made by Eden; the sixth, here the judgments obtained by plaintiffs against Eden are set up; and seventh, that execution had issued upon the judgments and returned unsatisfied.

Motion by defendant to dismiss the complaint was sustained, and plaintiffs granted leave to file amended complaint. Pursuant to the above order, plaintiffs filed an amendment to the complaint. Defendant filed motion to dismiss the complaint and amendment thereto. This motion was sustained and plaintiffs granted leave to file a second amendment to the complaint.

The amendments to the complaint attached a copy of the policy issued by defendant to Eden, and the allegation that all conditions precedent in the contract of insurance had been fully performed.

Defendant's pleadings consisted of four divisions. By the first, it admitted its corporate existence; the issuance of the policy to Eden; that Eden paid the premium thereon, but denied the policy was in full force and effect on the day in question; admitted the collision between Eden's car and that of plaintiffs; admitted that following such accident, Eden submitted

proof of loss to defendant, but denied the same was in conformity with the provisions of the policy for the reason that the policy was not in force and effect on the day in question, as alleged by plaintiffs; denied that Eden had performed all conditions precedent, but on the contrary, alleged that he was guilty of one or more violations of the provisions of the policy, which defendant then set out, alleging that at the time of the accident, Eden was operating his automobile for the purpose of selling cattle and livestock in the capacity as salesman for the Morris Cattle Company; that he was employed by the cattle company after the issuance of the policy and after its receipt by him, and before the accident, and was acting for the said cattle company in the capacity of salesman at the time, whereby the policy became wholly void and of no force and effect.

The second division of defendant's answer set up that as a further separate and distinct defense: That at the time of the accident in question, Eden was driving and operating his automobile for the purpose of selling cattle or livestock as salesman for the Morris Cattle Company.

The third portion of the answer sets up as a further separate and distinct defense: That after the issuance of the policy and after its receipt by Eden and before the accident, he was employed by the cattle company and was acting in the capacity of salesman for it, whereby the policy became wholly void and of no force and effect.

As a fourth separate and distinct defense, the defendant alleged: That at the time of the accident, Eden was driving and operating his automobile for the purpose of selling cattle or livestock in the capacity of salesman for the Morris Cattle Company; that after the accident, Eden elected to receive workman's compensation payments from the insurance carrier of the cattle company, and that he executed a final report

and settlement receipt with the Industrial Commission of this State, wherein and whereby he acknowledged final payment of all sums due him in full settlement of compensation under provisions of the Illinois Workman's Compensation Act, as an employee of the cattle company, and for injuries received in this accident, while acting in the capacity of employee of such cattle company.

The plaintiffs filed reply to the first three divisions of defendant's answer, wherein they denied that Eden was guilty of any violation of the provisions of the policy, and denied specifically that he was driving and operating his automobile for the purpose of selling cattle or livestock as salesman for the Morris Cattle Company. They denied that after the issuance of the policy and its receipt by Eden, and before the accident, he was employed by the cattle company as salesman, and denied that the policy of insurance became void and of no force and effect.

To the second division of defendant's answer, the plaintiffs denied that at the time of the accident, Eden was driving and operating his automobile for the purpose of selling cattle or livestock as salesman of the cattle company.

They replied to defendant's third division of their answer, by denying that after the issuance of the policy and its receipt by Eden, and before the accident, that he was employed by the cattle company; denied that he acted for said cattle company in the capacity of salesman, whereby the policy became wholly void and of no force and effect.

The plaintiffs filed motion to dismiss the fourth division of defendant's answer. This motion was overruled. Plaintiffs did not reply within the time fixed, whereupon defendant filed motion that plaintiffs be defaulted as to the fourth division of its pleadings. On motion, plaintiffs were granted leave to file reply instanter and the cause was continued at plaintiffs'

cost. By their reply to the fourth division of the defendant's pleadings, they denied that at the time of the accident Eden was using his automobile for the purpose of selling cattle or livestock as salesman for the cattle company; they denied that Eden elected to receive workman's compensation payments as alleged by defendant; they stated they had no knowledge regarding same or whether he signed and filed with the Industrial Commission of this State a receipt for settlement in full of compensation under the act, for injuries received by him because of this accident, and while acting as the employee of the said cattle company, and demanded strict proof thereof.

Plaintiffs concluded their reply to the fourth division of the defendant's pleadings by alleging that Eden was induced to accept compensation payments by an agent of the defendant and persons unknown to plaintiffs, and that such was done for the purpose of having it appear that Eden was violating the provisions of the insurance policy so as to defraud the plaintiffs in this case. On motion of defendant, this portion of plaintiffs' reply was stricken.

Thereafter defendant secured leave of court to file additional answer indicated as the fifth division of its pleading. In this, they set out that Eden received personal injuries in the accident in question; that he received from a named insurance carrier compensation payments for such injuries under the act of this state, and that pursuant thereto, he signed a final settlement receipt pursuant to the provisions of the act, for the injuries received in this accident, as employee of the said cattle company. Plaintiffs replied thereto by admitting Eden received personal injuries; denying any knowledge with respect to the allegations regarding the payment of compensation, the relationship of employer and employee, or a final receipt for compensation due for such injuries; and demanded strict proof thereof,

The provision of the policy with which defendant's special defenses relate is as follows:

"SPECIAL FARMER ENDORSEMENT

In consideration of the reduced premium for insurance protection against the hazards specifically designated and covered by this policy, it is a condition of said insurance that the named Assured must reside on a farm outside of the limits of any village, town or city, and shall engage in no occupation other than farming throughout the term for which this policy is issued. In the event the named Assured, without the written consent of the Company endorsed hereon, changes his occupation or his place of residence or if the herein described motor vehicle is used for any other purpose other than ordinary farm and or pleasure purposes, or if the Assured violates any condition of this insurance or knowingly permits the violation of any such condition, then his policy shall cease automatically and immediately become null and void."

Pursuant to section 42 of the Civil Practice Act (ch. 100, par. 166, 1943 Ill. Rev. Stat. [Jones Ill. Stats. Ann. 104.042]), it is provided that if any pleading is insufficient in substance or form, the court may order a fuller or more particular statement; and that if the pleadings do not sufficiently define the issues, the court may order further pleadings. It is also provided by this section that no pleading shall be deemed bad in substance which shall contain such information as shall reasonably inform the opposite party of the nature of the claim or defense to which he is called upon to meet, and further, that all defects in pleadings, either in form or substance, not objected to in the trial court, shall be deemed to be waived.

From the pleadings of the parties in this case, it appears that only one issue of fact was raised or submitted for the consideration of the jury, and that was whether the policy of insurance was in force and effect

at the time in question. The answer to this question necessarily depended upon the evidence produced upon the trial. Defendant by its pleadings, repeatedly incorporated this as its defense to liability under the policy. We cannot escape the conclusion that the pleadings of the defendant contained sufficient information of its defense to reasonably inform the plaintiffs of the nature thereof, and of what issue they would be called upon to meet. We find that plaintiffs' reply to the pleas of defendant denied that at the time in question, Eden was guilty of any violation of the provisions of the policy, and denied that he was at such time driving and operating his automobile for the purpose of selling cattle or livestock as salesman for the cattle company. In addition to these things, plaintiffs by their replies to defendant's pleadings, joined issue by denying the allegations thereof. They denied that Eden elected to receive workman's compensation payments; they stated they had no knowledge regarding his signing a receipt in settlement for such compensation for injuries received in this accident, while acting as employee of the cattle company, and demanded strict proof thereof.

We are of the opinion the case was tried, "on a clear cut issue whether the insured, Bernard Eden, had engaged in the sale of livestock for the cattle company, and whether or not at the time of the accident in question, he was engaged in such business," as stated in the previous opinion of this court in 310 Ill. App. 421, 427.

We find that the defendant filed several special pleas setting up special defenses, which presented the question of the effectiveness of the policy at the time in question. They denied its effectiveness and set out the reason why it was not in force and effect. Pleas of this character are intended to present and set out an isolated question, or point in issue, for determination. The office of a reply or replication to a plea

is either to traverse the allegations therein contained, or to confess and avoid. The sufficiency of such pleas cannot be tested by a reply or replication thereto. It is generally considered that by filing a replication, the plaintiff admits the plea is good in law and raises an issue as to the facts alleged therein. *People v. Walker Opera House Co.*, 249 Ill. 106, 109; *Garden City Sand Co. v. Christley*, 289 Ill. 617, 622.

It is our conclusion that the pleadings of the defendant upon the first trial contained such information as to reasonably inform the plaintiffs of the nature of the defense interposed; and that under the issues therein involved, such defense raised a material fact, which was decisive in character, and determined by verdict.

This case has been an unusual one in many aspects and has occasioned an opinion which is already too long. We are therefore precluded from making reference to many authorities that have been referred to and read with much interest. The brief of plaintiffs contains ninety-five pages of interesting data and argument, but as we just stated, it is impossible within the limits of an opinion to make discussion thereof.

The observations of Gould on Pleading are a very good resume of motions in arrest as dealt with by the old authors, who wrote with such clearness, brevity, force and elegance, as to make their work stand throughout the years. Chapter 10 of 1 Chitty on Pleading (1866 ed.) is devoted to the subject of defects in pleading and how the same are aided. Here we find the same general principles laid down as above noted. Likewise, in Stephens on Pleading, p. 185 (1894 ed.). Reference to early cases in this state will be found in Gould on Pleading, and in vol. 2 of Encyc. of Plead. & Prac., p. 793, in the chapter on Arrest of Judgment. In vol. 1, Tidds Prac. (1840), beginning at p. 918, we find the chapter on the subject of Arrest of Judgment. Here the author observes that a party cannot move in arrest of judgment, for anything that is

aided after verdict, at common law; or by the statute of amendment; or cured by the statutes of Jeofail. On the question of immaterial issues, the author states that an immaterial issue is, when that which is materially alleged by the pleadings is not traversed, and an issue is taken on such a point as will not determine the merits of the cause.

In view of the foregoing, we are of the opinion the trial court erred in granting the motion in arrest of judgment. Therefore, the judgment in this present appeal is reversed and the cause remanded with directions to overrule the motion in arrest of judgment.

*Reversed and remanded with directions.*

Dove, P. J.: I concur in holding that the judgment appealed from should be reversed and the cause remanded with directions to the trial court to overrule the motion in arrest of judgment.