City of Naperville, Illinois, Appellant, v. Alma Steininger, Appellee.

Gen. No. 10,367.

Opinion filed January 10, 1950. Rehearing denied February 7, 1950. Released for publication February 9, 1950.

294

WILLIAM R. FRIEDRICH, of Naperville, for appellant.

No appearance for appellee.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

Alma Steininger is the owner of Lot 6 in Morrison's Addition to Naperville, Illinois. She had erected a small dwelling house, which was resting on blocks on said lot. She desired to put a permanent foundation under the building and procured a permit from the building commissioner for the erection of the same. She let a contract for the excavation of a cellar preparatory for the foundation when the contractor was given notice to stop his work on account of it being in violation of the zoning ordinance of the City of Naperville. After the notice to the contractor to cease the operation, Alma Steininger had the building commissioner come out and view the premises where the house was to be placed, and he told the contractor to proceed with the work; that it was in compliance with the building zone ordinance of the City of Naperville.

In May 1947, the City of Naperville filed a complaint in the circuit court of Du Page county asking for a mandatory injunction to compel Alma Steininger to move her building back, so that it would be in line with the other buildings in the neighborhood, and as they claim, in compliance with the building ordinance of said city. The defendant filed an answer in which she admits most of the allegations of the complaint, but as a further defense sets forth the following: "Defendant further answering states that upon completion of the residence building on said Lot 6, the contractor, Dale M. Rhodes, through his agents and subcontractors, commenced the excavation for the permanent basement as now constructed by this defendant and after stripping eight to ten feet of the top soil, such excavation work was stopped by the said Lloyd

H. Yanke and/or his agents upon the contention that the location was in violation as claimed by the plat herein.

"That this defendant, together with the contractor, Dale M. Rhodes, caused an investigation by E. C. Shaffer, Building Commissioner, duly appointed in and by virtue of Ordinance A-139 described in said Ordinance as 'Enforcing Officer' to view the premises as then staked to ascertain if any of the provisions of said Ordinance A-139 of the City of Naperville had been violated or the proposed construction was in violation in any manner whatsoever.

"That upon viewing the proposed location as staked where the residence now constructed by this defendant on Lot 6 now stands, the said Building Commissioner, E. C. Shaffer, duly approved and certified to the contractor, Dale M. Rhodes, that compliance was made with the said City of Naperville Zoning Ordinance A-139.

"That the construction and location of the residence on said Lot 6 was and now stands as so erected in conformity to the approval of said Building Commissioner, E. C. Shaffer, and is in compliance with and conformity to building permit this defendant obtained, copy of which is attached to the Complaint filed herein, as Exhibit D.

"That after approval of the site as located by said Building Commissioner of the City of Naperville, this defendant, Alma Steininger, through her agent and contractor, Dale M. Rhodes, completed the construction of said residence without further demand, notice of violation or revocation of the existing building permit.

"That notice by the plaintiff herein was made after this defendant Alma Steininger, had expended great sums of money."

The City of Naperville filed a motion to strike that part of the answer as before quoted. The court over-

296

ruled the motion to strike, and then the city filed a replication denying the allegations of that part of the answer, as setting up a special defense to the action. Evidence was heard by the court, and at the conclusion thereof, dismissed the complaint for want of equity.

The abstract contains the decision of the court, and gives his reasons why the plaintiff was not entitled to the mandatory injunction. He stated as follows: "The record shows that the enforcement official for the enforcement of the Ordinance, Mr. E. C. Shaffer, Building Commissioner of the City of Naperville, was present at the time the house was located and told the defendant that the proposed location was in accordance with the Ordinance and correct and it was located accordingly. It is urged, on behalf of the plaintiff, that the City could not be stopped by the action of that official.

"It seems to me that that official, being the official designated by the Ordinance to see to the enforcement of the Ordinance and he having been there and having given his approval to this location and this building being located there, involving considerable expense, that the plaintiff is not entitled to the relief prayed for in the complaint. The Order will be a finding for the defendant and that the suit be dismissed for want of equity." From the order of the circuit court dismissing the action, the City of Naperville has perfected an appeal to this court.

 By filing the replication to the defendant's answer, the city put in issue the facts that were pleaded in the answer. They denied that such facts existed, but when the city filed its replication, it admitted the facts well pleaded if proven, would be a legal defense to the city's cause of action. This court in the case of *Randall v. Randall*, 281 Ill. App. 169 at page 175 used this language: "The office of replication is to traverse the allegations of the plea or to confess

or avoid the matters of fact set forth therein and thereby tender an issue of fact.'' In *Scott v. Freeport Motor Casualty Co.*, 324 Ill. App. 529, the same question was presented to this court, and we there held: ''We find that the defendant filed several special pleas setting up special defenses, which presented the question of the effectiveness of the policy at the time in question. They denied its effectiveness and set out the reason why it was not in force and effect. Pleas of this character are intended to present and set out an isolated question, or point in issue, for determination. The office of a reply or replication to a plea is either to traverse the allegations therein contained, or to confess and avoid. The sufficiency of such pleas cannot be tested by a reply or replication thereto. It is generally considered that by filing a replication, the plaintiff admits the plea is good in law and raises an issue as to the facts alleged therein. *People v. Walker Opera House Co.*, 249 Ill. 106, 109; *Garden City Sand Co. v. Christley*, 289 Ill. 617, 622.''

In the case of *Garden City Sand Co. v. Christley*, 289 Ill. 617, our Supreme Court there stated: ''Appellant also contends that the plea of appellees is not good. It, however, filed a replication to the plea, and by so doing admitted the plea to be good in law and raised an issue on the facts alleged, only.''

■ The record clearly shows in this case that the facts alleged in the answer of Alma Steininger had been proven. In fact there was no evidence whatsoever, to the contrary. It is therefore our conclusion that the City of Naperville admitted the facts in evidence to be a good defense if proven, and the defendant having proven the same, the court properly found that the plaintiff was not entitled to the mandatory writ of injunction, and the judgment appealed from is hereby affirmed.

*Judgment affirmed.*