**People of the State of Illinois, Appellee, v. John Makar, Appellant.**

### Gen. No. 47,848.

First District, Third Division.
April 6, 1960.

Ronan and Cunningham, of Chicago (E. T. Cunningham and Richard W. Funk, of counsel) for defendant-appellant.

Benjamin S. Adamowski, State's Attorney of Cook county (Francis X. Riley and Edward J. Hladis, Assistant State's Attorneys, of counsel) for plaintiff-appellee.

JUSTICE FRIEND delivered the opinion of the court.

In a paternity suit brought under chapter 17 of the Illinois Revised Statutes 1957, the complainant, Gerrie Vesely, alleged that defendant, John Makar, was the putative father of the female child born to her on December 17, 1957.

Pursuant to a series of hearings before Judge Cecil C. Smith, extending from October 9 to December 15, 1958, the court found that defendant was the putative father and ordered him to pay for the support, maintenance, education, and welfare of the child, as well as for the expenses of the mother during pregnancy, confinement, and recovery. Subsequently, on motion of the defendant and after several continuances, Judge

Smith, on March 9, 1959, allowed a motion for a new trial and transferred the cause to the Chief Justice of the Municipal Court for reassignment. Upon reassignment of the cause to Judge Napoli, defendant filed a demand for trial by jury; thereupon, upon motion of the State's attorney, the cause was reassigned to Judge Smith who, over objection by defendant's counsel, permitted additional evidence to be adduced on behalf of complainant, and received exhibits—various hospital records made at the time of delivery (including those indicating the child was premature), lie-detector tests offered in support of the State's contention as to the month of conception, and blood tests. At the conclusion of this second hearing, Judge Smith, on April 20, 1959, vacated his order of March 9, 1959, granting a new trial, and in effect reinstated the order of December 15, 1958, from which defendant appeals.

As the principal ground for reversal it is urged that at a hearing on a motion for a new trial the court may consider only evidence presented and errors occurring during the course of the trial, and that no further evidence may be introduced. In the instant case a motion had been made to vacate an already granted motion for a new trial. It is urged that by the order granting a new trial the court was limited to a consideration of the errors which had occurred during the course of the trial and was bound to consider only those issues presented in the pleadings and upon the hearing. See Scott v. Freeport Motor Casualty Co., 310 Ill. App. 421, where it was said that the trial court can consider only errors that are alleged to have occurred during the course of the trial; in that case the reviewing court concluded that the trial judge erred in granting plaintiffs a new trial, reversed his order, and entered judgment in the reviewing court for defendant.

■ In the case before us, the new evidence introduced upon the hearing of the motion to vacate the motion for a new trial had not been presented at the

original hearing, and since the court had previously granted a new trial on reviewing the trial record, this new evidence presumably became the basis for its order vacating the order for a new trial. After the original order was entered, it was error for the court to listen to this additional evidence going to the merits of the action. The order granting a new trial should stand.

■ There was evidence in the trial supporting the People's contention that defendant was the putative father, and, conversely, evidence supporting defendant's denial that he was the father. It appears that before the suit was instituted complainant and defendant had several conferences with respect to the settlement of the paternity suit. Both parties consulted counsel, and a settlement was made by which defendant paid complainant $1300, in consideration of which complainant gave defendant a release. Since, in the view we take, the cause will have to be retried, it becomes necessary to pass upon the validity of this release. Defendant contends that the release is valid; his counsel argue that a bastardy proceeding is civil in nature, that since the Paternity Act of 1957 (Ill. Rev. Stat. 1959, ch. 106¾) makes no mention of settlement, the law in existence in Illinois prior to the enactment of the Paternity Act should apply, and that inasmuch as there was doubt as to the paternity of the child, settlement of the controverted civil liability of defendant should be sustained. The Paternity Act is much broader than the Bastardy Act, which it superseded; the liability of the putative father is the same as that of the father of a child born in wedlock and, as we read the act, cannot be terminated by a compromise and settlement. Under the new legislation, where suit is brought on the mother's complaint, the putative father is required to support the minor child until he or she becomes eighteen years old, and to pay not only support money but all expenses of the mother

during pregnancy, confinement, and recovery. This obligation cannot be voided by settlement.

We have reached the conclusion that defendant is entitled to a new trial, as originally granted; therefore, the order of the Municipal Court is reversed, and the cause remanded with directions for a new trial.

Order reversed and cause remanded with directions.

BRYANT, P. J. and BURKE, J., concur.